IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MICHAEL NEWDOW,** *et al.*,

          **Plaintiffs,**

        v.

**HON. JOHN ROBERTS, JR.,** *et al.*,

          **Defendants.**

Civil Action No. 1:08-cv-02248-RBW

## PLAINTIFFS' MOTION TO SUBMIT ADDRESSES UNDER SEAL

MICHAEL NEWDOW
*In pro per* and *pro hac vice* (pending)
PO BOX 233345
SACRAMENTO, CA  95823

(916) 427-6669
NewdowLaw@gmail.com


ROBERT V. RITTER
DC BAR #414030
AHA – 1777 T STREET, NW
WASHINGTON, DC  20009

(202) 238-9088
BRitter@americanhumanist.org

Plaintiffs move for permission to submit the addresses of the individual plaintiffs (and defendants) under seal. Submitted herewith in support of this Motion are a proposed Order and a Memorandum in support of this Motion.

Respectfully submitted this 6th day of January, 2009,

/s/ - Michael Newdow /s/ - Robert V. Ritter

| | |
|---|---|
| Michael Newdow | Robert V. Ritter |
| *In pro per* and *pro hac vice* (pending) | DC Bar #414030 |
| PO Box 233345 | AHA – 1777 T Street, NW |
| Sacramento, CA 95823 | Washington, DC 20009 |
| (916) 427-6669 | (202) 238-9088 |
| NewdowLaw@gmail.com | BRitter@americanhumanist.org |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MICHAEL NEWDOW,** *et al.***,**

        **Plaintiffs,**

  **v.**

**HON. JOHN ROBERTS, JR.,** *et al.***,**

        **Defendants.**

Civil Action No. 1:08-cv-02248-RBW

**PROPOSED ORDER REGARDING PLAINTIFFS' MOTION TO SUBMIT ADDRESSES UNDER SEAL**

MICHAEL NEWDOW
*In pro per* and *pro hac vice* (pending)
PO BOX 233345
SACRAMENTO, CA  95823

(916) 427-6669
NewdowLaw@gmail.com


ROBERT V. RITTER
DC BAR #414030
AHA – 1777 T STREET, NW
WASHINGTON, DC  20009

(202) 238-9088
BRitter@americanhumanist.org

On motion of the Plaintiffs and for good cause shown, the Court hereby ORDERS that the residential addresses of the individual Plaintiffs and Defendants in this case shall be filed under seal.

It is further ORDERED that the residence addresses of the individual Plaintiffs shall be disclosed to counsel for the Defendants. However, disclosure of the residence addresses of all individual Plaintiffs and Defendants beyond counsel shall be strictly limited to situations where absolutely necessary. Each person to whom these residential addresses are disclosed shall be informed that, under penalty of contempt of this order, they are not to make any further disclosure of such residential addresses. When making disclosure, counsel shall provide each person to whom such disclosure is made with a copy of this order.

It is further ORDERED that such addresses shall not be disclosed in depositions or open court hearings without prior approval of this Court.

It is the intent of this ORDER to protect the individual Plaintiffs and Defendants while affording the parties adequate information to effectively deal with the issues in this matter. All parties are directed to seek a determination from this Court as to any perceived ambiguity in this ORDER before disclosing the residential address of any individual Plaintiff or Defendant.

Entered on this _____ day of _____, 2009

_____

Prepared for Entry:

By:

/s/ - Michael Newdow                   /s/ - Robert V. Ritter

Michael Newdow                      Robert V. Ritter
*In pro per* and *pro hac vice* (pending)     DC Bar #414030
PO Box 233345                       AHA – 1777 T Street, NW
Sacramento, CA  95823             Washington, DC  20009

(916) 427-6669                       (202) 238-9088
NewdowLaw@gmail.com             BRitter@americanhumanist.org

January 6, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**MICHAEL NEWDOW,** *et al.*,

       **Plaintiffs,**

  **v.**

**HON. JOHN ROBERTS, JR.,** *et al.*,

       **Defendants.**

Civil Action No. 1:08-cv-02248-RBW

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO SUBMIT ADDRESSES UNDER SEAL

MICHAEL NEWDOW
*In pro per* and *pro hac vice* (pending)
PO BOX 233345
SACRAMENTO, CA  95823

(916) 427-6669
NewdowLaw@gmail.com


ROBERT V. RITTER
DC BAR #414030
AHA – 1777 T STREET, NW
WASHINGTON, DC  20009

(202) 238-9088
BRitter@americanhumanist.org

**TABLE OF CONTENTS**

**BACKGROUND** ....................................................................................................................1

**LAW AND ARGUMENT**......................................................................................................2

    **I. Legal Authority Exists for the Court to Grant the Requested Relief** .............................. 2

    **II. The Analogous Case Law Supports Granting the Requested Relief**.............................. 2

        **a. The Justification is Not Merely to Avoid Annoyance and Criticism**.......................... 4

        **b. There is a Real Risk of Retaliatory Harm**................................................................ 4

        **c. Children are Involved** ................................................................................................ 6

        **d. The Action is Against the Government** .......................................................................... 6

        **e. There is No Risk of Unfairness to the Defendants**........................................................ 7

**CONCLUSION** .......................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

Center for National Security Studies v. U.S. Department of Justice, 356 U.S. App. D.C. 333
(D.C. Cir. 2003) .................................................................................................................. 3
City of San Diego v. Roe, 543 U.S. 77 (2004) ............................................................................ 4
Doe v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000) ................................................. 3
Doe v. City of Chicago, 360 F.3d 667 (7th Cir. 2004) ................................................................ 3
Doe v. Porter, 370 F.3d 558 (6th Cir. 2004) ............................................................................... 2
Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981) ........................................................................... 2, 4
Doe v. Sullivan, 938 F.2d 1370 (D.C. Cir. 1991) ....................................................................... 3
Evans v. Newton, 382 U.S. 296 (1966) ....................................................................................... 7
James v. Jacobson, 6 F.3d 233 (1993) ........................................................................................ 2
John Doe #1 v. Von Eschenbach, 2007 U.S. Dist. LEXIS 46310 (D.D.C. June 27, 2007) ...... 4, 6
L.S. Police Dept. v. United Reporting Publishing Corp., 528 U.S. 32 (1999) ........................... 2
Qualis v. Rumsfeld, 228 F.R.D.8 (D.D.C. 2005) ........................................................................ 3
Roe v. Wade, 410 U.S. 113 (1973) .............................................................................................. 3
Santa Fe Independent School District v. Doe, 530 U.S. 290 (2000) .......................................... 4
Yacovelli v. Moeser, 2004 U.S. Dist. LEXIS 9152 (May 20, 2004) ........................................... 6

**Other Authorities**

Ravitch FS. *School Prayer and Discrimination: The Civil Rights of Religious Minorities and
Dissenters.* (Northeastern University Press: Boston, 2001) ............................................... 5
*The writings of George Washington* from the original manuscript sources, Electronic Text
Center, University of Virginia Library ................................................................................ 1

**Rules**

Local Rule LCvR 5.1(e) .............................................................................................................. 1

Plaintiffs, through counsel, submit this Memorandum in Support of Plaintiffs' Motion for Protective Order.

## BACKGROUND

Local Rule LCvR 5.1(e) states, in pertinent part, "The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." It then continues, "Where a person is sued in an official capacity, the person's official address shall be used," thus suggesting that defendants sued in their individual capacities should also have their full residence addresses placed in the caption. Due to the nature of this litigation, Plaintiffs respectfully request permission to provide the residence addresses of all individual parties under seal. Although it is the danger to the individual plaintiffs that has led to this request, a general sense of fairness suggests it is appropriate to broaden the request to also include the individual defendants.

This lawsuit involves a challenge to the endorsement of Monotheism at presidential inaugural ceremonies. Simply filing the lawsuit has already produced controversy,[1] and history teaches that "[r]eligious controversies are always productive of more acrimony and irreconcilable hatreds than those which spring from any other cause."[2] Unfortunately, such "acrimony and irreconcilable hatreds" (which were largely the impetus for the Constitution's religion clauses) can lead to physical and mental harm. It is for that reason that the Court is requested to allow the filing of the personal residences under seal.

---

[1] Exhibit A is but a small sampling of the email messages already obtained as a result of the filing of the Complaint.
[2] George Washington, Letter to Sir Edward Newenham, June 22, 1792. In *The writings of George Washington* from the original manuscript sources, Electronic Text Center, University of Virginia Library. Accessed on January 4, 2009 at http://etext.virginia.edu/etcbin/toccer-new2?id=WasFi32.xml&images=images/modeng&data=/texts/english/modeng/parsed&tag=public&part=69&division=div1.

## LAW AND ARGUMENT

### I. Legal Authority Exists for the Court to Grant the Requested Relief

As an initial matter, it should be noted that District Courts have authority and discretion to enter protective orders to control discovery and protect the rights of parties. <u>Doe v. Porter</u>, 370 F.3d 558, 560-561 (6th Cir. 2004) (upholding lower court's grant of protective order allowing the use of pseudonyms in challenge to religious instruction in schools); <u>Doe v. Stegall</u>, 653 F.2d 180 (5th Cir. 1981) (reversing lower court's denial of protective order allowing for pseudonyms). As the Fourth Circuit has noted:

> The decision whether to permit parties to proceed anonymously at trial is one of many involving management of the trial process that for obvious reasons are committed in the first instance to trial court discretion. This implies, among other things, that though the general presumption of openness of judicial proceedings applies to party anonymity as a limited form of closure, it operates only as a presumption and not as an absolute, unreviewable license to deny. The rule rather is that under appropriate circumstances anonymity may, as a matter of discretion, be permitted.

<u>James v. Jacobson</u>, 6 F.3d 233, 238 (1993). Thus, there exists legal support for the Court to provide the relief herein requested.

### II. The Analogous Case Law Supports Granting the Requested Relief

Plaintiffs have been unable to find case law specifically on point in regard to maintaining party residence addresses under seal.[3] However, the jurisprudence on pseudonymous filings provides an analogous circumstance for consideration. Although "[t]he Supreme Court and the D.C. Court of Appeals have not expressly condoned this practice; ... from time to time they have

---

[3] Perhaps the most apposite case law is found in <u>L.S. Police Dept. v. United Reporting Publishing Corp.</u>, 528 U.S. 32, 40 (1999). There the Supreme Court held that there is no First Amendment right to arrestee addresses.

permitted pseudonymous litigation to proceed without comment. See, e.g., Roe v. Wade, 410 U.S. 113, 35 L. Ed. 2d 147, 93 S. Ct. 705 (1973); Doe v. Sullivan, 291 U.S. App. D.C. 111, 938 F.2d 1370, 1374 (D.C. Cir. 1991)." Qualis v. Rumsfeld, 228 F.R.D.8, 10 (D.D.C. 2005). The case law regarding pseudonymous filings, therefore, will be reviewed here.

"Judicial proceedings are supposed to be open … in order to enable the proceedings to be monitored by the public. The concealment of a party's name impedes public access to the facts of the case, which include the parties' identity." Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir. 2004).[4] Nonetheless, "[t]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff … exceeds the likely harm from concealment." Id. In other words:

> In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, see Fed. R. Civ. P. 16(b), and to issue protective orders limiting disclosure of the party's name, see Fed. R. Civ. P. 26(c), to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case.

Doe v. Advanced Textile Corp., 214 F.3d 1058, 1069 (9th Cir. 2000).

In the instant situation, Plaintiffs are not even requesting anonymity. They are willing to allow their names to be made public. They simply wish to limit the potential that some fanatic, having an address placed before his or her eyes while viewing the Complaint, will interpret the unplanned acquisition of that information as an invitation to perpetrate violence or harm. After all, even though it is a grossly mistaken interpretation, there are many who view the instant litigation as an attack on their religious views. To those individuals, Plaintiffs "have invited an

---

[4] But see Center for National Security Studies v. U.S. Department of Justice, 356 U.S. App. D.C. 333, 350-51 (D.C. Cir. 2003) (suggesting that the right of public access to trials has not been extended beyond criminal proceedings).

opprobrium analogous to the infamy associated with criminal behavior." Stegall, 653 F.2d at 186. Exhibit A, already mentioned, is a ready demonstration of this reality.

That the requested protection is appropriate when litigation involves religion clause issues such as those in the case at bar has been recognized, at least implicitly, by the Supreme Court. See, e.g., Santa Fe Independent School District v. Doe, 530 U.S. 290 (2000) (parents individually and as "next friends" to their children were permitted to litigate pseudonymously when they challenged prayers at public high school football games).[5]

At least one Court in this Circuit has used five factors to determine if pseudonymous proceedings should be permitted. John Doe #1 v. Von Eschenbach, 2007 U.S. Dist. LEXIS 46310 (D.D.C. June 27, 2007). Those factors will be discussed sequentially here.

### a. The Justification is Not Merely to Avoid Annoyance and Criticism

The first factor pertains to the claimed justification for anonymity. If it is the mere annoyance and criticism that often accompanies court cases, the justification will be deemed insufficient for infringing upon the public interest in open proceedings. Here, the justification is preventing actual harm. Thus, this factor falls in Plaintiffs' favor.

### b. There is a Real Risk of Retaliatory Harm

The second factor looks at whether or not there is a real risk of retaliatory harm. That this factor is also in Plaintiffs' favor is difficult to deny. In fact, the real risks have been demonstrated unequivocally in a book that details the harms suffered by "Religious Minorities and Dissenters"

---

[5] Subsequently, the high Court decided a case involving a pseudonymous filing where the justification appears to be nowhere near as compelling as in the instant action. In City of San Diego v. Roe, 543 U.S. 77 (2004), a police officer who was terminated from his job because of sexually explicit videotapes he had made was permitted to file pseudonymously.

in this country.⁶ The stories are frightening. For instance, the Herdahls were a Lutheran family in a Southern Baptist Mississippi town. When the Herdahl children did not participate in "decidedly Southern Baptist" public school prayers, they were harassed by "[b]oth teachers and students." When the family filed suit to stop this clearly unlawful practice, "the harassment got even worse. Her family received bomb threats. She received a death threat, and the name calling and ridicule worsened."⁷

    A second story concerned individuals in Alabama. The Herrings were "a Jewish family whose children had been subjected to severe religious discrimination and harassment in school." The children "were physically assaulted by classmates because of their religion; swastikas were drawn on their lockers, bookbags, and jackets; and they were regularly taunted by the other children." The mother, in a sworn statement to the Court, stated:

> Every day that I send my children to Pike County schools, I wonder if I am sending them into a war zone. … The consequences of the school environment on my children's psyches are devastating. My children are growing up believing that America is a caste society and they are untouchables – except for the purpose of getting beaten up. One child suffered "serious nightmares."⁸

"Rachel Bauchman, a Jewish high school student, objected to overtly religious songs, which were sung at high school graduations by the high school choir of which she was a member. … Rachel obtained a court order prohibiting the graduation songs. However, at the urging of parents and some students, the choir performed one of the religious songs anyway. … When Rachel and her mother got up to leave – Rachel in tears – parents and students in the audience jeered and spat on them."⁹

---

⁶ Ravitch FS. *School Prayer and Discrimination: The Civil Rights of Religious Minorities and Dissenters.* (Northeastern University Press: Boston, 2001).
⁷ Id., at 8-9.
⁸ Id., at 9-11.
⁹ Id., at 11-12.

Like to Plaintiffs here, Joann Bell filed a federal lawsuit to stop government-sponsored prayer. As detailed in Exhibit B:

> After I filed the lawsuit, my family and I received numerous threatening telephone calls and letters. These threats promised physical harm and even death to my family members and me as a result of my involvement as a plaintiff in the lawsuit. Many of the telephone calls told me that our home would be burned. I could not even perform such simple tasks as shopping for groceries in the community without being confronted by other persons about the lawsuit.

When Ms. Bell responded to a bomb threat at her children's school, "several school employees circled the car. One of the employees grabbed me by the hair of the head and battered my head against the frame of the car's door." After the family's home "was burned in a fire of suspicious origin," the family moved from the school district "motivated by a grave concern for the safety of our family." Exhibit B.

### c. Children are Involved

Whether or not children are involved is the third factor. Here, a number of the named plaintiffs have children with whom they will be watching the inaugural activities. Disclosure of the parental addresses will obviously place the children at risk.

### d. The Action is Against the Government

Von Eschenbach cited Yacovelli v. Moeser, 2004 U.S. Dist. LEXIS 9152 (May 20, 2004) for the proposition that "[w]hen a plaintiff challenges the government or government activity, courts are more likely to permit plaintiffs to proceed under a pseudonym." In the instant litigation, it is governmental activity that is being challenged.[10]

---

[10] Although Defendants Warren and Lowery are private individuals when leading their congregations in prayer, they will be functioning as government agents when given access to the inaugural dais. "[W]hen private individuals or groups are endowed by the State with powers or

### e. There is No Risk of Unfairness to the Defendants

The fifth and last factor is the degree of unfairness to Defendants. It is difficult to conceive of how Defendants will in any way be prejudiced by having the addresses of the individuals in this case filed under seal. In fact, it is difficult to conceive of how those addresses are important to their defense at all. With them still having access to that information, and with Plaintiffs requesting that the addresses of the individual defendants be filed under seal as well, any unfairness seems highly unlikely.[11]

### CONCLUSION

Good cause having been shown, Plaintiffs respectfully request that the Court order the requested relief and allow the individual parties to have their residence addresses filed under seal.

Respectfully submitted this 6th day of January, 2009,

| | |
|---|---|
| /s/ - Michael Newdow | /s/ - Robert V. Ritter |
| | |
| Michael Newdow | Robert V. Ritter |
| *In pro per* and *pro hac vice* (pending) | DC Bar #414030 |
| PO Box 233345 | AHA – 1777 T Street, NW |
| Sacramento, CA 95823 | Washington, DC 20009 |
| | |
| (916) 427-6669 | (202) 238-9088 |
| NewdowLaw@gmail.com | BRitter@americanhumanist.org |

---

functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." Evans v. Newton, 382 U.S. 296, 299 (1966).

[11] Plaintiffs are uncertain as to whether or not the addresses of the individual defendants (listed as required on the summonses) are now publicly accessible. To any extent that they are accessible, Plaintiffs request that those, too, be placed under seal.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Action No. 1:08-cv-02248-RBW

Newdow v. Roberts

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2009, I served copies of:

**(1) PLAINTIFFS' MOTION TO SUBMIT ADDRESSES UNDER SEAL;**
**(2) PROPOSED ORDER REGARDING PLAINTIFFS' MOTION TO SUBMIT ADDRESSES UNDER SEAL; and**
**(3) MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO SUBMIT ADDRESSES UNDER SEAL**

upon the following individuals and entities by placing them in the United States mail.

Hon. John G. Roberts, Jr.
Supreme Court of the United States
One First Street NE
Washington, DC 20543

Hon. John G. Roberts, Jr.
(Home address under seal)

Presidential Inaugural Committee 2009
Washington, DC 20599

Emmett Beliveau, Executive Director
Presidential Inaugural Committee 2009
Washington, DC 20599

Joint Cong Comm on Inaugural Ceremonies
United States Senate
331 Hart Senate Office Building
Washington, DC 20510

Senator Dianne Feinstein, Chairman
Joint Cong Comm on Inaugural Ceremonies
United States Senate
331 Hart Senate Office Building
Washington, DC 20510

Armed Forces Inaugural Committee
Joint Force Hdqrs - National Capital Region
US Army Military District of Washington
103 Third Avenue - Fort Lesley J. McNair
Washington, DC 20319-5058

Major Gen Richard J. Rowe, Jr., Chairman
Armed Forces Inaugural Committee
Joint Force Hdqrs - National Capital Region
US Army Military District of Washington
103 Third Avenue - Fort Lesley J. McNair
Washington, DC 20319-5058

Rev. Richard D. Warren
(Home address under seal)

Rev. Joseph E. Lowery
(Home address under seal)

Jeffrey Taylor
US Attorney for the District of Columbia
501 3rd Street NW, 4th Floor
Washington, DC 20001

Michael B. Mukasey
Attorney General of the United States
950 Pennsylvania Avenue NW
Washington, DC 20530

Additionally, these documents were electronically filed with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system.

I am at least 18 years of age and not a party to the cause.

| | | |
|---|---|---|
| Signature: | /s/ Robert V. Ritter | January 6, 2009 |
| Printed Name: | Robert V. Ritter | |
| Street Address: | 1777 T Street, N.W. | |
| City, State & Zip: | Washington, D. C. 20009 | |
| Phone: | 202-238-9088 | |