IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL NEWDOW, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 08-CV-2248-RBW |
| ) | |
| v. ) | |
| ) | OPPOSITION TO PLAINTIFFS' |
| HON. JOHN G. ROBERTS, et al., ) | MOTION FOR PRELIMINARY |
| ) | INJUNCTION |
| Defendants. ) | |

**OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Defendants Presidential Inaugural Committee and its Executive Director Emmett Beliveau (collectively "PIC"), hereby oppose Plaintiffs' motion for preliminary injunction.[1]/ In addition to the reasons stated in the opposition filed today by the United States Department of Justice on behalf of other defendants, Plaintiffs' motion for a preliminary injunction against PIC should be denied on two other independent grounds. First, Plaintiffs have no standing to bring their claims against PIC; it is President-elect Obama, and not PIC, who will make decisions related to the inaugural ceremony, and thus an injunction against PIC would not redress Plaintiffs' purported harm. Second, PIC is not a governmental entity, and thus is not subject to the strictures of the First Amendment and the statute under which Plaintiffs brought this action.

**BACKGROUND**

The lead Plaintiff, Michael Newdow, is a "well-known atheist litigant" who regularly files suit to block governmental actors, and others, from making any public reference to God.

---

[1]/ In the January 5, 2009 Scheduling Order, all defendants were ordered to file oppositions to Plaintiffs' preliminary injunction motion by 5:00 p.m. on January 7, 2009. Order at 1 [D.E. 6] (subsequently changed to 5:00 p.m. January 8, 2009). In light of the order and the "extraordinary relief sought by the plaintiffs," *id.*, PIC files this Opposition, reserving its right to raise any jurisdictional or other challenge to the Complaint when filing its initial responsive pleading.

\\\DC - 090334/008003 - 2840890 v2

*Newdow v. Bush*, 255 F. Supp. 2d 265, 268 (D.D.C. 2005) (Bates, J.) ("*Newdow II*"); *see also Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1 (2004) (seeking to block recitation of Pledge of Allegiance because it contains the phrase "under God"); *Newdow v. Congress of U.S.*, 435 F. Supp. 2d 1066 (E.D. Cal. 2006) (seeking to bar United States from printing phrase "In God We Trust" on currency). In 2001 and again in 2005, Newdow sued President Bush and other individuals and groups involved with the inauguration process – including the inauguration committee – in an attempt to block "any member of the clergy . . . [from] deliver[ing] prayers at the 2005 Inauguration." *Newdow II*, 355 F. Supp. 2d at 270; *see also Newdow v. Bush*, No. CIV S-01-218 (E.D.Cal. Mar. 24, 2002) ("*Newdow I*"). Both times, his suits were dismissed as meritless.

In 2001, the District Court concluded (among other things) that it lacked jurisdiction to enjoin the president's inaugural choices and that Newdow lacked taxpayer standing. *See Newdow v. Bush*, No. CIV S-01-218 (E.D.Cal. Dec. 28, 2001) (magistrate's report and recommendation, later adopted in *Newdow I*). In 2005, Judge Bates again rejected Newdow's claims, first denying his motion for a preliminary injunction and later granting defendants' motion to dismiss. Applying the four-part preliminary-injunction test, Judge Bates concluded that Newdow likely was "precluded from relitigating his standing to bring an Establishment Clause action challenging inaugural prayers," *Newdow II*, 355 F. Supp. 2d at 275; that Newdow likely could not show a redressable injury so as to satisfy standing requirements, *id.* at 279-80; that the court likely lacked power to enjoin the President, *id.* at 280-82; that Newdow likely would fail on the merits of his Establishment Clause claim given Supreme Court precedent, *id.* at 286-89; and that Newdow did "not cite a single authority" in support of his Religious Freedom Restoration Act ("RFRA") claim. *Id.* at 290. For all of these reasons, the court found that

Newdow was likely to fail on the merits of his claims and that the public interest did not support an injunction. *Id.* at 291-92. The court concluded: "There is a strong argument that, at this late date, the public interest would best be served by allowing the 2005 Inauguration ceremony to proceed on January 20 as planned." *Id.* at 293.

On December 30, 2008 – three weeks before Inauguration Day of President-elect Barack Obama – Newdow filed essentially the same lawsuit yet again, this time naming 45 additional plaintiffs and adding the claim that the President's oath of office, and not just the inauguration prayers, violate the First Amendment. The Complaint recycles most of Newdow's previously dismissed claims. It alleges, for instance, that Supreme Court cases explicitly limited to school prayer, such as *Lee v. Weisman*, 505 U.S. 577 (1992), also govern the President-elect's inaugural choices. Cmplt. ¶ 145. It also alleges that acknowledgements of God "ridicule public occasions." Cmplt. ¶ 67. [2]/ Conspicuously, however, the Complaint does not remedy two of the defects that led Judge Bates to reject Newdow's most recent prior attempt to assert his flawed claims with regard to PIC: It does not allege or demonstrate that PIC (or any Defendant) has any control over President-elect Obama's inaugural choices, and it does not allege or demonstrate that PIC – acknowledged by the *Newdow II* court to be "a privately incorporated and funded organization," *Newdow II*, 355 F. Supp. 2d at 391 n.33 – is a state actor subject to the strictures of the Establishment Clause or RFRA.

## ARGUMENT

A preliminary injunction is "an extraordinary remedy that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004). To prevail, a movant must meet the familiar, and

---

[2]/ Compare *Newdow II*, 355 F. Supp. 2d at 285 (noting Newdow's reliance on *Lee*); *id.* at 270 (noting Newdow's "ridicule" claim).

demanding, four-part injunction test by demonstrating "(1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable harm without injunctive relief, (3) that an injunction would not substantially harm other interested parties, and (4) that issuance of the injunction is in the public interest." *Id.*; *accord Katz v. Georgetown Univ.*, 246 F.3d 685, 687-88 (D.C. Cir. 2001). Of the four, it is "particularly important" for the movant to demonstrate a substantial likelihood of success on the merits. *Newdow II*, 355 F. Supp. 2d at 271. Where the movant cannot do so, "it would take a very strong showing with respect to the other preliminary injunction factors to turn the tide" in his favor. *Davenport v. Int'l Bhd. of Teamsters, AFL-CIO*, 166 F.3d 356, 366-67 (D.C. Cir. 1999).

Plaintiffs utterly have failed to demonstrate a likelihood of success, substantial or otherwise, on the merits of any of their claims. Moreover, as the United States Department of Justice rightly explains in its brief, the cases Plaintiffs rely on for their Establishment Clause argument are inapposite; the injuries Plaintiffs allege do not constitute a "substantial burden" on religious exercise; and an injunction could harm other interested parties and would not be in the public interest. In addition, however, Plaintiffs' claims also fail as to PIC for two other independent reasons: Plaintiffs have no standing to bring their claims against PIC, and PIC is not a governmental actor, and therefore the strictures of the First Amendment and RFRA do not govern its behavior.

## I. PLAINTIFFS LACK STANDING TO SUE PIC BECAUSE AN INJUNCTION AGAINST PIC WOULD NOT REDRESS PLAINTIFFS' INJURIES.

Plaintiffs cannot meet their burden of demonstrating a substantial likelihood of success on the merits because they do not have standing to bring this action against PIC. A movant seeking a preliminary injunction, like any other plaintiff in federal court, must possess Article III standing to maintain his suit. *See Cruz v. American Airlines, Inc.*, 356 F.3d 320, 328 (D.C. Cir.

2004) (dismissing an injunction request for lack of standing); *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 304 & n.8 (D.C. Cir. 2006). Here, Plaintiffs lack such standing with respect to PIC because PIC has no control over any of the actions complained of: The President-elect has chosen the clergy to speak at his Inauguration and has requested the Chief Justice to include the traditional words "So help me God" in the oath of office. PIC has no power to stop the President-elect from making those choices. Plaintiffs' purported injury therefore is not traceable to PIC, and an injunction against PIC would do nothing to redress such alleged injuries.

In order to establish Article III standing, a party must have suffered an injury-in-fact, that injury must be "fairly traceable to the challenged action of the defendant," and it "must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *C-SPAN v. F.C.C.*, 545 F.3d 1051, 1054 (D.C. Cir. 2008) (quotation marks omitted) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-62 (1992)). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). To establish the "fairly traceable" requirement, the plaintiff must carry the burden of showing that his alleged injury was "caused by" the defendant's action. *Nuclear Info. and Res. Serv. v. Nuclear Regulatory Comm'n*, 509 F.3d 562, 567 (D.C. Cir. 2007). To establish redressability, in turn, the plaintiff must carry the burden of showing that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561.

Plaintiffs here cannot establish these basic elements of standing against PIC, as to any of their claims, for the simple reason that Plaintiffs did not (and cannot) allege that PIC made any of the decisions complained of or has any power to alter those decisions. The Complaint alleges

two actions that purportedly will violate the First Amendment and cause Plaintiffs injury: (i) that "Defendant [Rick] Warren and Defendant [Joe] Lowery w[ill] be providing, respectively, an[ ] invocation and benediction at the inauguration," Cmplt. ¶ 127, and (ii) that Chief Justice Roberts will administer an oath of office that includes the words "so help me God," Cmplt. ¶¶ 99-102. But President-elect Obama – not PIC – is responsible for both of these decisions. It was the President-elect's decision to invite Warren and Lowery to speak, and it was the President-elect's decision to request the Chief Justice to administer the traditional oath of office, and to include the phrase "so help me God."

The District Court in *Newdow II* recognized that it was President Bush – not PIC – that made such decisions about the inauguration program, and concluded that as a result Newdow had not suffered a redressable injury. The Court explained:

> PIC's sole responsibility for the swearing in ceremony is to implement the President-Elect's choices of who will speak at the ceremony . . . . Reviewing the facts in the record, the only party against whom an injunction would redress Newdow's injury is President Bush. He has ultimate decision-making power in selecting speakers for the Inauguration, including clergy. There is nothing in the record before the Court that would indicate that another defendant could prevent the President from inviting clergy of his choosing to give a religious prayer. *At the hearing on the motion for preliminary injunction, Newdow conceded that only an injunction against the President can truly redress his injuries.*

*Newdow II*, 355 F. Supp. 2d at 279-80 (emphasis added). Nothing has changed since Newdow – the lead Plaintiff here – made this concession in advance of the 2005 inauguration. More to the point, Plaintiffs cannot demonstrate (and have not even alleged) that anything has changed: They have not alleged that PIC has or could have caused Warren or Lowery to speak, nor have they alleged that PIC has or could have caused Chief Justice Roberts to include the phrase "so help me God" in the oath of office, nor have they alleged that an injunction against PIC would somehow affect President-elect Obama's decision on these points. Indeed, an injunction against

PIC would not, and could not, have any such effect. Plaintiffs therefore lack standing to maintain suit against PIC.

## II. PIC IS NOT A GOVERNMENTAL ACTOR AND THUS IS NOT CONSTRAINED BY THE FIRST AMENDMENT OR RFRA.

Plaintiffs cannot meet their burden of demonstrating a substantial likelihood of success on the merits because PIC is not a governmental entity subject to the strictures of the Establishment Clause and RFRA. It is fundamental that the Establishment Clause and Free Exercise Clause (like the rest of the First Amendment) govern only state action, not private conduct. *See Capitol Square Review & Advisory Bd. v. Pinette*, 515 U.S. 753, 765-66 (1995). The same is true of RFRA, which by its terms forbids only "*Government*" from "substantially burden[ing] a person's exercise of religion" absent a compelling interest. 42 U.S.C. § 2000bb-1(a) (emphasis added); *see also Village of Bensenville v. FAA*, 457 F.3d 52, 60 (D.C. Cir. 2006) (RFRA is only "implicated" if a Government entity is "the source of what the petitioners contend is a substantial burden placed on the free exercise of religion").

This bedrock principle is fatal to all of Plaintiffs' Complaint as to PIC because PIC is not a governmental entity. PIC is, instead, a private, non-profit corporation organized under the auspices of the District of Columbia Non-Profit Corporation Act. *See* Exhibit A (PIC Certificate and Articles of Incorporation). PIC's incorporators and directors are private citizens. *Id.* at Articles IX-X. PIC, subject to the direction of the President-elect, is responsible for organizing all events in connection with the inauguration, consistent with the wishes of the President-elect. *See Newdow II*, 355 F. Supp. 2d at 280. PIC receives no government funds; it finances the inaugural celebration events with private funds raised through private donations. PIC's sole role in connection with the swearing-in is to assist in facilitating the President-elect's personal choices as to who will speak at the oath-of-office ceremony. *Newdow II*, 355 F. Supp. 2d at 280.

Acknowledging none of this, the Complaint asserts that PIC is "quasi-governmental." Cmplt. ¶ 48.[3] But Plaintiffs' main support for that unfounded assertion – a federal statute concerning presidential inauguration ceremonies and codified at 36 U.S.C. §§ 501-511 – itself confirms Congress' view that PIC is a private actor. The statute defines "Inaugural Committee" to mean "the committee appointed by the President-elect to be in charge of the Presidential inaugural ceremony and functions and activities connected with the ceremony." 36 U.S.C. § 501. Underscoring PIC's private status, the statute provides that PIC must "indemnify and save harmless the District of Columbia and the appropriate department, agency, or instrumentality of the United States Government" for liability incurred in connection with use of municipal or federal space and infrastructure by PIC and its licensees. *Id.* § 503. Plainly, such a provision would be unnecessary if PIC were a government actor.

Faced with essentially the same allegations in 2005, the court found that Newdow "ha[d] not raised a substantial" state-action argument as to PIC "on the present record, which indicates only that the PIC – otherwise a privately incorporated and funded organization – is selected by the President." *Newdow II*, 355 F. Supp. 2d at 391 n.33. This conclusion remains as valid today as it was four years ago. Plaintiffs bear the burden to demonstrate that PIC is a state actor,[4] and they have failed to carry that burden here. They therefore have not demonstrated a "substantial likelihood of success on the merits." *Cobell*, 391 F.3d at 258.

---

[3] Newdow made the exact same assertion in 2005, and cited the same statute for support. *See Newdow II*, 355 F. Supp. 2d at 279.

[4] *E.g., Romero v. Drummond Co.*, --- F.3d ----, 2008 WL 5274192, at *10 (11th Cir. Dec. 22, 2008); *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1276 (9th Cir. 2005); *Pepper v. Village of Oak Park*, 430 F.3d 805, 809 (7th Cir. 2005).

## CONCLUSION

Plaintiffs' claims suffer from a host of fatal flaws and have been repeatedly rejected by the federal courts, including this Court. The gravamen of those claims has not changed since the last time the complaint was recycled. For the reasons above, and those in the opposition filed by the United States Department of Justice, Plaintiffs' motion for a preliminary injunction should be denied.

Respectfully submitted,

Dated: January 8, 2009

_____/S/_____

Craig A. Hoover (D.C. Bar No. 386918)
E. Desmond Hogan (D.C. Bar No. 458044)
Dominic F. Perella (D.C. Bar No. 976381)
HOGAN & HARTSON L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Phone: (202) 637-5600
Fax: (202) 637-5910
E-mail: cahoover@hhlaw.com
E-mail: edhogan@hhlaw.com

Of Counsel

Deborah T. Ashford
General Counsel, Presidential Inaugural Committee 2009 c/o
HOGAN & HARTSON L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Phone: (202) 637-5600
Fax: (202) 637-5910
E-mail: dtashford@hhlaw.com

General Counsel for Presidential Inaugural Committee 2009

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Opposition to Plaintiffs Motion for Preliminary Injunction were served this 8th day of January, 2009, by the Court's ECF system, e-mail, and first-class mail, postage prepaid, upon:

> Michael Newdow
> PO Box 233345
> Sacramento, CA 95823
> NewdowLaw@gmail.com
>
> Robert Ritter
> AHA
> 1777 T Street, N.W.
> Washington, DC 20009
> BRitter@americanhumanist.org
>
> Attorneys for Plaintiffs
>
> James Gilligan
> Brad P. Rosenberg
> Eric B. Beckenhauer
> United States Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Avenue, N.W.
> Washington, D.C. 20001
> Tel: (202) 514-3374
> Fax: (202) 616-8460
> James.Gilligan@usdoj.gov
> brad.rosenberg@usdoj.gov
> Eric.Beckenhauer@usdoj.gov
>
> Counsel for the Federal Defendants

/S/
E. Desmond Hogan
