IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
MICHAEL NEWDOW, <u>et al.</u>,              )
                                            )
                     Plaintiffs,            )
                                            )
          v.                                )   Civil Action No. 08-2248 (RBW)
                                            )
HON. JOHN ROBERTS, JR., <u>et al.</u>,      )
                                            )
                     Defendants.            )
                                            )
_____)

**FEDERAL DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE
TO SUBMIT SUPPLEMENTAL DECLARATIONS**

Plaintiffs' Motion for Leave to Submit Supplemental Declarations (Dkt. No. 17) ("Motion") — which might better be described as a motion for leave to submit any declarations whatsoever — should be denied. Plaintiffs make no attempt to explain their failure to comply with this Court's local rules.[1] In any event, even if this Court were to consider plaintiffs' "supplemental" declaration, it does nothing to fix plaintiffs' failure to demonstrate injury sufficient to confer standing. For these reasons, as set forth below, plaintiffs' Motion should be denied.

## <u>ARGUMENT</u>

**1.      Plaintiffs' Attempt to Submit A Declaration is Out of Time and Should Be
         Rejected by this Court.**

This Court's rules require an application for a preliminary injunction to "be supported by all affidavits on which the plaintiff intends to rely" at the time it is filed. LCvR 65.1(c).

---

[1] Plaintiffs' failure to submit their declaration along with their motion for a preliminary injunction is especially striking, as the proposed declarant is none other than the lead plaintiff, Mr. Newdow, who also signed the Complaint in this case. <u>See</u> Complaint, Dkt. No. 1.

Plaintiffs acknowledge this rule in their Motion, yet fail to explain their lack of compliance with it. That failure alone warrants denial of plaintiffs' Motion.

Moreover, nothing in the proposed declaration can be deemed to "reply" to the federal defendants' substantive arguments (other than the argument that plaintiffs failed to meet their burden of presenting any factual evidence supporting their claim of injury (see Federal Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction at 13 (Dkt. No. 13 at 14)). As "the party invoking federal jurisdiction bears the burden of establishing its existence," Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 104 (1998), plaintiffs had the affirmative obligation to present factual evidence demonstrating injury sufficient to confer standing as part of their application for a preliminary injunction. They failed to meet that burden and offer no explanation for that failure. See City of Tempe v. Fed. Aviation Admin., 239 F. Supp. 2d 55, 64 (D.D.C. 2003) (finding "little excuse for plaintiffs' failure to submit a timely" declaration where critical facts were available at the time they filed their application for a preliminary injunction). Plaintiffs' last-minute attempt to file a declaration is particularly inexcusable here, in light of plaintiffs' delay in seeking a preliminary injunction.[2]

**2.     Plaintiffs' Proposed Testimony Does Not Fix Their Failure to Demonstrate Injury Sufficient to Confer Standing.**

The substance of plaintiffs' declaration consists of two parts. First, Mr. Newdow himself

---

[2] Plaintiffs' statement in their Motion that "[t]he Federal Defendants have withheld consent due to the need to obtain approval from a supervisor" is an incomplete characterization of the federal defendants' position on this matter. When the parties discussed the matter over the telephone, undersigned counsel also indicated that the federal defendants would not consent to plaintiffs' request due to the requirements of Local Rule 65.1. Subsequent to that conversation, the federal defendants stated unequivocally that they "do not consent to the filing of any declarations as part of your client's reply brief" and that they "reserve their rights to oppose and/or move to strike any such declarations." E-mail from Brad Rosenberg to Bob Ritter, attached hereto as an Exhibit.

asserts that he intends to view the 2009 inauguration on the National Mall. (Apparently, he did not receive a ticket to the inauguration. See Compl. ¶ 8.) Second, Mr. Newdow seeks to provide testimony on behalf of an unidentified minor child. Neither of these assertions is sufficient to demonstrate injury sufficient to confer standing.

Mr. Newdow asserts that he plans to watch the 2009 inauguration and that, because of his "keen interest in our nation's government generally, and in the inaugural ceremonies in particular," he plans to view every future inauguration for the rest of his life. He does not, however, assert that he believes he will be injured by watching the 2009 inauguration or any future inaugurations, much less describe what any purported injury would be.[3] And even if this Court reads between the lines of Mr. Newdow's declaration to somehow derive that he asserts some sort of undefined injury, this Court concluded in Newdow v. Bush both (i) that Mr. Newdow's asserted intention to view the inauguration, whether in person or otherwise, was insufficient to establish the kind of personal connection to the quadrennial event needed to confer standing, and also (ii) that Mr. Newdow himself is precluded from relitigating his standing based on allegations of that nature. See Newdow v. Bush, 391 F. Supp. 2d 95, 101, 104 (D.D.C. 2005).

Mr. Newdow's assertions regarding the unidentified "minor child[ ] who has an intense desire to personally witness the inauguration of Barack Obama" are even more flawed. In this Court, pseudonymous litigation is permitted only in "compelling circumstances" — namely, where the plaintiff has demonstrated "that the 'need for anonymity' outweighs 'the general presumption that parties' identities are public information and the risk of unfairness to the

---

[3] He does not even assert that viewing the 2009 inauguration will make him feel like an "outsider" (which, for the reasons explained in the federal defendants' opposition brief, is not an injury anyway).

opposing party.'" Qualls v. Rumsfeld, 228 F.R.D. 8, 10 (D.D.C. 2005) (citation omitted). Here, not only does the proposed declaration fail to "show the kind of risk of physical or other injury . . . that would be necessary to permit [the unnamed child] to proceed under [a] pseudonym[ ]," id. at 11, but it contains no assertion that she will be injured in any way by attending the inauguration. Moreover, Mr. Newdow's declaration establishes no basis for personal knowledge of her plans. See id. at 12 (rejecting as "unreliable hearsay" portions of declaration not based on personal knowledge). Mr. Newdow does not state that he is the child's father, and there is no declaration from anyone purporting to be her parent. Indeed, we do not even know her age.[4] And in any event, as this Court held in Newdow v. Bush, the fact that this minor child is going to considerable effort and expense to expose herself to the inauguration does not establish her standing; she must (but cannot) show that she regularly has direct and unwelcome contact with inaugural prayers, or will have to go to unusual effort or expense to avoid them. See Newdow v. Bush, 391 F. Supp. 2d at 104.

Moreover, the standing inquiry does not turn on whether the plaintiff is a child or an adult. To be sure, the Supreme Court has recognized there are "heightened concerns with protecting freedom of conscience from subtle coercive pressure in the elementary and secondary public schools." Lee v. Weisman, 505 U.S. 577, 592 (1992) (emphasis added). But that does not

---

[4] The federal defendants note that, although plaintiffs describe this child as being "impressionable," according to plaintiffs she is mature enough to travel from California to Washington, D.C. by herself and to navigate the crowds on the morning of the inauguration by herself, and will spend "hours in line to pass through security checkpoints, and will end up surrounded by armed police officers, military officials and numerous other guards and officials." Pl. Reply at 3, 13 (Dkt. No. 16 at 6, 16). In this regard, Mr. Newdow's declaration that the minor child will travel to the inauguration by herself is inconsistent with the allegations in the Complaint. See Compl. ¶ 36 (describing the "Unnamed Children" as individuals "who will be watching the inaugural exercises along with their parents") (emphasis added).

change the standing analysis, or convert every public event into the equivalent of study hall simply because a minor child will be in attendance. Accordingly, this declaration, as it relates to the unidentified minor child, is completely insufficient to demonstrate any injury, much less one that justifies pseudonymous litigation or rises to the level necessary to alter a presidential inauguration scheduled to be conducted in a manner that plaintiffs concede dates back over 75 years, and which, in fact, traces its origins to George Washington's own inaugural.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiff's motion for leave to submit supplemental declarations.

Dated: January 12, 2009                    Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General
Federal Programs Branch

JAMES J. GILLIGAN
Assistant Director

   /s/ Brad P. Rosenberg
BRAD P. ROSENBERG (DC Bar 467513)
ERIC B. BECKENHAUER (Cal. Bar 237526)
Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 514-3374
Fax: (202) 616-8460
brad.rosenberg@usdoj.gov

Counsel for the Federal Defendants