IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL NEWDOW, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action |
| | § | No. 1:08-cv-02248-RBW |
| HON. JOHN ROBERTS, JR., *et al.*, | § | |
| | § | |
| Defendants. | § | |

---

**PROPOSED BRIEF OF TEXAS, ALABAMA, ALASKA, ARIZONA, ARKANSAS, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, IDAHO, ILLINOIS, INDIANA, IOWA, KANSAS, KENTUCKY, LOUISIANA, MAINE, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MISSISSIPPI, MISSOURI, MONTANA, NEBRASKA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, NORTH DAKOTA, OHIO, OKLAHOMA, OREGON, PENNSYLVANIA, RHODE ISLAND, SOUTH CAROLINA, SOUTH DAKOTA, TENNESSEE, UTAH, VERMONT, VIRGINIA, WASHINGTON, WEST VIRGINIA, WISCONSIN, WYOMING, AND THE U.S. VIRGIN ISLANDS AS AMICI CURIAE**

---

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for
Civil Litigation

JAMES C. HO
Solicitor General
Texas Bar No. 24052766

ADAM W. ASTON
Assistant Solicitor General
Texas Bar No. 24045423

SUSANNA DOKUPIL
Assistant Solicitor General
Texas Bar No. 24034419

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
[Tel.] (512) 936-0596
[Fax] (512) 474-2697

COUNSEL FOR AMICI CURIAE
[ADDITIONAL COUNSEL LISTED ON NEXT PAGE]

TROY KING
Attorney General of Alabama

TALIS J. COLBERG
Attorney General of Alaska

TERRY GODDARD
Attorney General of Arizona

DUSTIN MCDANIEL
Attorney General of Arkansas

EDMUND G. BROWN, JR.
Attorney General of California

JOHN W. SUTHERS
Attorney General of Colorado

RICHARD BLUMENTHAL
Attorney General of Connecticut

RICHARD GEBELEIN
Chief Deputy Attorney General of Delaware

BILL MCCOLLUM
Attorney General of Florida

THURBERT E. BAKER
Attorney General of Georgia

MARK J. BENNETT
Attorney General of Hawaii

LAWRENCE G. WASDEN
Attorney General of Idaho

LISA MADIGAN
Attorney General of Illinois

STEVE CARTER
Attorney General of Indiana

TOM MILLER
Attorney General of Iowa

STEVE SIX
Attorney General of Kansas

JACK CONWAY
Attorney General of Kentucky

JAMES D. "BUDDY" CALDWELL
Attorney General of Louisiana

JANET T. MILLS
Attorney General of Maine

DOUGLAS F. GANSLER
Attorney General of Maryland

MARTHA COAKLEY
Attorney General of Massachusetts

MICHAEL A. COX
Attorney General of Michigan

LORI SWANSON
Attorney General of Minnesota

JIM HOOD
Attorney General of Mississippi

JEREMIAH W. (JAY) NIXON
Attorney General of Missouri

STEVE BULLOCK
Attorney General of Montana

JON BRUNING
Attorney General of Nebraska

CATHERINE CORTEZ MASTO
Attorney General of Nevada

KELLY A. AYOTTE
Attorney General of New Hampshire

ANNE MILGRAM
Attorney General of New Jersey

GARY K. KING
Attorney General of New Mexico

ANDREW M. CUOMO
Attorney General of New York

ROY COOPER
Attorney General of North Carolina

WAYNE STENEHJEM
Attorney General of North Dakota

RICHARD CORDRAY
Attorney General of Ohio

W. A. DREW EDMONDSON
Attorney General of Oklahoma

JOHN R. KROGER
Attorney General of Oregon

THOMAS W. CORBETT, JR.
Attorney General of Pennsylvania

PATRICK C. LYNCH
Attorney General of Rhode Island

HENRY D. MCMASTER
Attorney General of South Carolina

LAWRENCE E. LONG
Attorney General of South Dakota

ROBERT E. COOPER, JR.
Attorney General & Reporter of
Tennessee

MARK SHURTLEFF
Attorney General of Utah

WILLIAM H. SORRELL
Attorney General of Vermont

ROBERT F. MCDONNELL
Attorney General of Virginia

ROBERT M. MCKENNA
Attorney General of Washington

DARRELL V. MCGRAW, JR.
Attorney General of West Virginia

J. B. VAN HOLLEN
Attorney General of Wisconsin

BRUCE SALZBURG
Attorney General of Wyoming

VINCENT F. FRAZER, ESQUIRE
Attorney General of U.S. Virgin Islands

## TABLE OF CONTENTS

Index of Authorities .......................................................... ii

Interest of Amici Curiae ...................................................... 2

Argument ..................................................................... 2

Conclusion ................................................................... 10

Certificate of Service ........................................................ 12

## INDEX OF AUTHORITIES

**Cases**

*Lee v. Weisman,*
    505 U.S. 577 (1992) ................................................. 4

*Lynch v. Donnelly,*
    465 U.S. 668 (1984) ............................................. 3, 4, 6

*Marsh v. Chambers,*
    463 U.S. 783 (1983) ............................................. 2, 3, 5

*McCreary County, Ky. v. Am. Civil Liberties Union of Ky.,*
    545 U.S. 844 (2005) ................................................. 5

*Newdow v. Bush,*
    391 F. Supp. 2d 95 (D.D.C. 2005) ...................................... 9

*Newdow v. Bush,*
    D.C. No. 01-00218-LKK (E.D. Cal. 2002),
    *aff'd,* No. 02-16327, 89 Fed. Appx. 624,
    2004 WL 334438 (9th Cir. Feb. 17, 2004) .............................. 9

*Santa Fe Indep. Sch. Dist. v. Doe,*
    530 U.S. 290 (2000) ................................................. 4

*Van Orden v. Perry,*
    545 U.S. 677 (2005) .......................................... 3, 4, 5, 10

*Zorach v. Clauson,*
    343 U.S. 306 (1952) ................................................ 10

**Statutes, Rules, and Constitutional Provisions**

5 U.S.C. § 1331 ........................................................ 7

28 U.S.C. § 453 ........................................................ 7

28 U.S.C. § 951 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ALA. CONST. art. XVI, § 279 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARIZ. REV. STAT. § 38-231 (E)-(F) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONN. CONST. art. 11, § 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

DEL. CONST. art. XIV, § 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

FLA. CONST. art. II, § 5(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

KAN. CONST. art. 15, § 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

KAN. STAT. 54-106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

KY. CONST. § 228 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

LA. CONST. art. X, § 30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

MASS. CONST. pt. 2, ch. VI, art. I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

MASS. CONST. pt. 2, ch. VI, amend. art. VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ME. CONST. art. IX, § 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

MISS. CONST. art. 14, § 268 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

MONT. CONST. art. III, § 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

N.C. CONST. art. III, § 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

N.C. GEN. STAT. § 11-11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

N.D. CONST. art. XI, § 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

N.H. CONST. pt. II, art. 84 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

N.J. CONST. art. VII, § 1, par. I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

iii

N.J. STAT. 52:15-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

N.M. CONST. art. XX, § 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

N.M. STAT. Ch. 14, art. 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

NEV. CONST. art. XV, § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

OHIO CONST. art. XV, § 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

OHIO REV. CODE § 3.23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

R.I. CONST. art. III, § 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

S.C. CONST. art. VI, § 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

TEX. CONST. art. XVI, § 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VA. CONST. art. II, § 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VT. CONST. ch. II, § 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

WIS. CONST. art. IV, § 28 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

WIS. STAT. § 19.01 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

WYO. CONST. art. VI, § 20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

WYO. STAT. § 1-2-103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

**Other Authorities**

1 ANNALS OF CONG. 25 (Joseph Gales ed., 1834) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1 ANNALS OF CONG. 29 (Joseph Gales ed., 1834) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1 ANNALS OF CONG. 101 (Joseph Gales ed., 1834) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1 ANNALS OF CONG. 106 (Joseph Gales ed., 1834) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1 ANNALS OF CONG. 241 (Joseph Gales ed., 1834) ............................... 5

155 CONG. REC. H1, H5 (daily ed. Jan. 6, 2009) ................................ 6

A.J. Higgins, *Inaugural Speech Touts Maine Unity*,
    BANGOR DAILY NEWS, Jan. 9, 2003 .................................... 8

Aaron Sheinin & Kenneth A. Harris, *Sanford Emphasizes Working Together*,
    THE STATE, Jan. 16, 2003 ............................................ 8

Aziz Haniffa, *Bobby Jindal's Date with History*,
    INDIA ABROAD, Jan. 25, 2008 ......................................... 8

Carol Cratty, *Lawsuit seeks to take 'so help me God' out of inaugural*,
    CNN, Dec. 31, 2008 *available at* http://www.cnn.com/2008/POLITICS/12/31/
    inauguration.lawsuit/index.html ........................................ 9

Christy Hoppe, *A Plea To Work Together: Governor Uses Religious
    Themes To Call for Compassion in State Government*,
    DALLAS MORNING NEWS, Jan. 17, 2007 ................................ 8

Dennis J. Willard, *Prayerful Beginning*,
    AKRON BEACON J., Jan. 14, 2007 ...................................... 8

Ed Sealover & Hank Lacey, *A Message of Hope and Unity:
    Governor Sets Optimistic Tone, Invoking His "Colorado Promise,"*
    THE GAZETTE, Jan. 10, 2007 .......................................... 8

Frank Phillips & Rick Klein, *Romney Vows Big Cuts To Solve Budget Crisis*,
    BOSTON GLOBE, Jan. 3, 2003 ......................................... 8

Gregory B. Hladky, *Rell's Inaugural Address: Connecticut at a Crossroads*,
    NEW HAVEN REG., Jan. 4, 2007 ....................................... 8

Guy Clifton, *Chilly or Not, Oath Is a State Milestone*,
    RENO GAZETTE-J., Dec. 30, 2006 ..................................... 8

Kit Wagar, *Holden Issues Call for "One Missouri,"*
    KAN. CITY STAR, Jan. 9, 2001 ........................................ 8

Mark Binker, *"In Waiting" Troxler Attends Festivities*,
NEWS & RECORD, Jan. 16, 2005 ..................................... 8-9

Mary Rae Bragg, *Inauguration To Include Local, Area Participants*,
TELEGRAPH HERALD, Jan. 17, 2003 ................................. 9

Peter Jackson, *On First Day as Governor, Rendell Plans Open House*,
ASSOC. PRESS, Jan. 22, 2003 ...................................... 9

Steve Bousquet, *A Humbler Inaugural on Tap*,
ST. PETERSBURG TIMES, Jan. 2, 2007 .............................. 9

http://inaugural.senate.gov/history/chronology/gwashington1789.cfm .............. 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL NEWDOW, *et al.*,           §
                                    §
                    Plaintiffs,     §
        v.                          §          Civil Action
                                    §          No. 1:08-cv-02248-RBW
HON. JOHN ROBERTS, JR., *et al.*,   §
                                    §
                    Defendants.     §

---

**PROPOSED BRIEF OF TEXAS, ALABAMA, ALASKA, ARIZONA, ARKANSAS,
CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA,
GEORGIA, HAWAII, IDAHO, ILLINOIS, INDIANA, IOWA, KANSAS,
KENTUCKY, LOUISIANA, MAINE, MARYLAND, MASSACHUSETTS,
MICHIGAN, MINNESOTA, MISSISSIPPI, MISSOURI, MONTANA, NEBRASKA,
NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK,
NORTH CAROLINA, NORTH DAKOTA, OHIO, OKLAHOMA, OREGON,
PENNSYLVANIA, RHODE ISLAND, SOUTH CAROLINA, SOUTH DAKOTA,
TENNESSEE, UTAH, VERMONT, VIRGINIA, WASHINGTON, WEST
VIRGINIA, WISCONSIN, WYOMING, AND THE U.S. VIRGIN ISLANDS
AS AMICI CURIAE**

---

President-elect Barack Obama plans to include an invocation and benediction, as well

as an oath of office that ends with the phrase "so help me God," in his official inaugural

ceremony on January 20, 2009—consistent with established Supreme Court precedent and

the tradition and custom of numerous inaugurals past. Prayers and oaths invoking God have

been a staple of official inaugural events throughout history, across the country, and at every

level of our government.

Plaintiffs cite no legal authority that permits, let alone requires, this Court to interfere

with the content and conduct of the solemn occasion that our President-elect and his staff

have so carefully planned, and that millions of Americans so eagerly anticipate. Accordingly, Plaintiffs' Motion for Preliminary Injunction should be denied.

## INTEREST OF AMICI CURIAE

Amici urge the Court to affirm the constitutionality of the two Presidential inaugural traditions under attack in this case: prayer and the inclusion of the words "so help me God" in the oath of office. Their interest in this case stems not only from the fact that the President is elected to serve the entire Nation, but also because gubernatorial and other inaugurations across the country likewise include both clergy-led prayer and oaths invoking God, pursuant to state laws and customs that would be threatened by an adverse ruling from this Court.

## ARGUMENT

Prayers and oaths invoking God have been incorporated into public inaugural ceremonies throughout our Nation's history and at every level of government. Plaintiffs have not presented a single legal precedent holding unconstitutional such historical customs and practices. To the contrary, established Supreme Court precedents confirm the validity of inaugural prayers and oaths of office that include a reference to God.

Public acknowledgments of God and the prominent role of religion in American life have permeated our institutions of government since the Founding and have been repeatedly upheld by the Supreme Court. For example, the Supreme Court has affirmed the constitutionality of opening every legislative session with clergy-led prayer. *See Marsh v. Chambers*, 463 U.S. 783 (1983). Notably, the case involved daily prayer at the beginning

of every session of the Nebraska Legislature, led by the same chaplain, a Presbyterian minister, almost continuously for 16 years, and given only in the Judeo-Christian tradition. *Id*. at 793. The Court additionally observed that daily prayer had been part of the traditions and customs of the Nation since the very first Congress, which "provided for the appointment of two chaplains of different denominations who would alternate between the two chambers on a weekly basis." *Id.* at 793 n.13. The Court affirmed both practices.

The Court has likewise upheld the constitutionality of public monuments that prominently feature religious elements, such as the Ten Commandments. *See, e.g., Van Orden v. Perry*, 545 U.S. 677 (2005). For example, the Court rejected a challenge to the large, granite Ten Commandments monument that has been prominently displayed on public grounds between the Texas Capitol and the Supreme Court Building for over 40 years—despite the fact that this permanent fixture, measuring 6-feet high and 3 1/2-feet wide, on government property in close proximity to the State's highest courts, includes such strongly religious phrases as "I AM the LORD thy God. Thou shalt have no other gods before me. Thou shalt not make to thyself any graven images. Thou shalt not take the Name of the Lord thy God in vain." *Id*. at 681-82 (plurality); *id.* at 707 (Stevens, J., dissenting).

The daily practices and physical fixtures upheld in *Marsh* and *Van Orden* provide a permanent reminder of our Nation's religious heritage, consistent with the "unbroken history of official acknowledgment by all three branches of government of the role of religion in American life from at least 1789." *Lynch v. Donnelly*, 465 U.S. 668, 674 (1984). These

3

important symbolic elements of our public life serve, in the words of Justice O'Connor, the valuable function of "solemnizing public occasions, expressing confidence in the future, and encouraging the recognition of what is worthy of appreciation in society." *Id.* at 693 (O'Connor, J., concurring).

The inclusion of prayer and the oath invoking God in a Presidential inauguration falls well within these precedents. These brief utterances, offered once every four years, are a far more modest means of serving the same basic purpose as daily prayers at official events and permanent monuments on public grounds: to solemnize an important civic event in our national life, the inauguration of a President. And they enjoy a similarly distinguished historical pedigree.

Plaintiffs attempt to substantiate their constitutional challenge by contending, first, that *Marsh* has been supplanted by the Court's more recent rulings in *Lee v. Weisman*, 505 U.S. 577 (1992), and *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290 (2000). *See* Complaint ¶¶ 133-40. But that contention is undermined by *Lee* itself. Both *Lee* and *Santa Fe* involved prayer within the special context of public schools, *see Santa Fe*, 530 U.S. at 294; *Lee*, 505 U.S. at 580, where the Court has recognized the need for "particular care" in light of the presence of impressionable children, *Van Orden*, 545 U.S. at 703 (Breyer, J., concurring). *See also Lee*, 505 U.S. at 592. *Lee* itself distinguished *Marsh*, explaining that there are "inherent" and "obvious" differences between public schools and legislative sessions. *Lee*, 505 U.S. at 596-97. The Court has also reaffirmed the continuing validity of *Marsh* since .

4

its ruling in *Santa Fe. See, e.g., Van Orden*, 545 U.S. at 687-88 (plurality) (noting that the legislative prayers upheld in *Marsh* were "'deeply embedded in the history and tradition of this country'"); *id.* at 699 (Breyer, J., concurring) ("[T]he Establishment Clause does not compel the government to purge from the public sphere all that in any way partakes of the religious. See, *e.g., Marsh v. Chambers*, 463 U.S. 783 (1983).").

Plaintiffs also question the provenance of prayer and oaths invoking God during Presidential inaugural ceremonies. But the Nation's very first Presidential inauguration included "divine service . . . performed by the Chaplain of Congress." 1 ANNALS OF CONG. 29 (Joseph Gales ed., 1834). *See also id.* at 25, 241. Likewise, it was President George Washington who began the tradition of including "so help me God" at the end of his oath of office, *see* http://inaugural.senate.gov/history/chronology/gwashington1789.cfm—just as members of the first Congress had done a few weeks earlier in assuming their respective offices, *see* 1 ANNALS OF CONG. 101, 106 (Joseph Gales ed., 1834). *See also McCreary County, Ky. v. Am. Civil Liberties Union of Ky.*, 545 U.S. 844, 886 (2005) (Scalia, J., dissenting) (observing that "George Washington added to the form of Presidential oath prescribed by Art. II, § 1, cl. 8, of the Constitution, the concluding words 'so help me God'").

Even by Plaintiffs' own admission, clergy-led prayers have been consistently incorporated in Presidential inaugurations for at least the last 72 years, Complaint ¶¶ 90-91, while incoming Presidents have uttered the words "so help me God" at the end of their oaths of office since at least 1933, *id.* ¶¶ 105-06. That is well more than the "40 years" found to

5

be sufficient to establish a constitutionally meaningful pedigree for the Ten Commandments monument upheld in *Van Orden*, according to Justice Breyer, whose concurring opinion provided the fifth vote necessary to the Court's judgment and thus constitutes the controlling opinion. *See* 545 U.S. at 702 (Breyer, J., concurring) ("those 40 years suggest . . . that few individuals, whatever their system of beliefs, are likely to have understood the monument as amounting, in any significantly detrimental way, to a government effort to favor a particular religious sect [or] primarily to promote religion over nonreligion"); *see also Lynch*, 465 U.S. at 693 (O'Connor, J., concurring) ("It is significant . . . that the creche display apparently caused no political divisiveness prior to the filing of this lawsuit, although Pawtucket had incorporated the creche in its annual Christmas display for some years.").

Not surprisingly, then, no court has ever held that the Establishment Clause forbids the inclusion of prayer or an oath invoking God in an official inaugural ceremony. Such a ruling would constitute not only a radical departure from established precedent, but would also condemn the customs and practices of inaugural ceremonies nationwide.

To begin with, Plaintiffs' interpretation of the Constitution would invalidate not only the Presidential inauguration scheduled to take place in less than two weeks, but also the oaths of office that members of Congress took just yesterday at the commencement of the 111th Congress, which likewise included the phrase "so help me God," as well as the prayer that opened that Congressional session. *See* 155 CONG. REC. H1, H5 (daily ed. Jan. 6, 2009) (swearing-in of members by Speaker Nancy Pelosi and prayer of Cardinal Theodore E.

6

McCarrick). Similarly, Plaintiffs' claim, if accepted by the Court, would also threaten numerous federal statutes that prescribe the oaths that must be taken for any "office of honor or profit in the civil service or uniformed services," as well as by all federal judges, court clerks, and their deputies, because they too include the phrase "so help me God." *See* 5 U.S.C. § 1331; 28 U.S.C. § 453; 28 U.S.C. § 951.

In addition, oaths invoking God can be heard in gubernatorial and other state and local inaugural ceremonies across America. At least 26 States have explicitly incorporated the phrase "so help me God" (or in the case of Ohio, "This I do as I shall answer unto God") into the oath of office for various legislative, executive, and judicial officials as a matter of state law—in most cases, in the constitution. *See* ALA. CONST. art. XVI, § 279; ARIZ. REV. STAT. § 38-231 (E)-(F); CONN. CONST. art. 11, § 1; DEL. CONST. art. XIV, § 1; FLA. CONST. art. II, § 5(b); KAN. CONST. art. 15, § 14; KAN. STAT. 54-106; KY. CONST. § 228; LA. CONST. art. X, § 30; ME. CONST. art. IX, § 1; MASS. CONST. pt. 2, ch. VI, art. I; *id.*, amend. art. VI; MISS. CONST. art. 14, § 268; MONT. CONST. art. III, § 3; NEV. CONST. art. XV, § 2; N.H. CONST. pt. II, art. 84; N.J. CONST. art. VII, § 1, par. I; N.J. STAT. 52:15-2; N.M. CONST. art. XX, § 1; N.M. STAT. Ch. 14, art. 13; N.C. CONST. art. III, § 4; N.C. GEN. STAT. § 11-11; N.D. CONST. art. XI, § 4; OHIO CONST. art. XV, § 7; OHIO REV. CODE § 3.23; R.I. CONST. art. III, § 3; S.C. CONST. art. VI, § 5; TEX. CONST. art. XVI, § 1; VT. CONST. ch. II, § 56; VA. CONST. art. II, § 7; WIS. CONST. art. IV, § 28; WIS. STAT. § 19.01; WYO. CONST. art. VI, § 20; WYO. STAT. § 1-2-103. No court has ever held any of these provisions invalid. But if Plaintiffs are

right, then numerous state laws across the country are presumably unconstitutional as well—including provisions in more than 20 state constitutions. In addition, other States, including amici States, have incorporated "so help me God" in their oaths of office as a matter of custom.

Numerous States across the country have also traditionally included prayer during their inaugural ceremonies, without challenge. *See, e.g.*, Aaron Sheinin & Kenneth A. Harris, *Sanford Emphasizes Working Together*, THE STATE, Jan. 16, 2003, at A1; A.J. Higgins, *Inaugural Speech Touts Maine Unity*, BANGOR DAILY NEWS, Jan. 9, 2003, at A1; Aziz Haniffa, *Bobby Jindal's Date with History*, INDIA ABROAD, Jan. 25, 2008, at A1; Christy Hoppe, *A Plea To Work Together: Governor Uses Religious Themes To Call for Compassion in State Government*, DALLAS MORNING NEWS, Jan. 17, 2007, at 1A; Dennis J. Willard, *Prayerful Beginning*, AKRON BEACON J., Jan. 14, 2007, at A1; Ed Sealover & Hank Lacey, *A Message of Hope and Unity: Governor Sets Optimistic Tone, Invoking His "Colorado Promise,"* THE GAZETTE, Jan. 10, 2007, at A1; Frank Phillips & Rick Klein, *Romney Vows Big Cuts To Solve Budget Crisis*, BOSTON GLOBE, Jan. 3, 2003, at A1; Gregory B. Hladky, *Rell's Inaugural Address: Connecticut at a Crossroads*, NEW HAVEN REG., Jan. 4, 2007, at A1; Guy Clifton, *Chilly or Not, Oath Is a State Milestone*, RENO GAZETTE-J., Dec. 30, 2006, at 1A; Kit Wagar, *Holden Issues Call for "One Missouri,"* KAN. CITY STAR, Jan. 9, 2001, at A1; Mark Binker, *"In Waiting" Troxler Attends Festivities*, NEWS & RECORD, Jan. 16, 2005, at B1; Mary Rae Bragg, *Inauguration To Include Local, Area*

8

*Participants*, TELEGRAPH HERALD, Jan. 17, 2003, at A3; Peter Jackson, *On First Day as Governor, Rendell Plans Open House*, ASSOC. PRESS, Jan. 22, 2003; Steve Bousquet, *A Humbler Inaugural on Tap*, ST. PETERSBURG TIMES, Jan. 2, 2007, at 1A. But again, if Plaintiffs prevail in this suit, then countless governors and other officials across the nation have likewise violated the Constitution, for doing nothing more than preserving their State's historical traditions.

Plaintiffs are candid about their motivations in bringing this suit. They are not simply challenging the utterance of a handful of religious references at one particular public ceremony planned for later this month. They believe that the public square must be cleansed of *every* possible acknowledgment of our Nation's religious heritage. *See, e.g.*, Complaint ¶¶ 66-71. But Plaintiffs have not presented a single legal precedent holding unconstitutional the inclusion of prayer and oaths invoking God during official inaugural ceremonies. Nor do they disclose the fact that Plaintiff Michael Newdow's previous efforts to challenge religious references during the Presidential inaugural ceremonies of 2001 and 2005 were rejected by multiple federal courts on jurisdictional grounds. *See Newdow v. Bush*, 391 F. Supp. 2d 95 (D.D.C. 2005); *Newdow v. Bush*, D.C. No. 01-00218-LKK (E.D. Cal. 2002), *aff'd*, No. 02-16327, 89 Fed. Appx. 624, 2004 WL 334438 (9th Cir. Feb. 17, 2004). *See also* Carol Cratty, *Lawsuit seeks to take 'so help me God' out of inaugural*, CNN, Dec. 31, 2008, *available at* http://www.cnn.com/2008/POLITICS/12/31/inauguration.lawsuit/index.html (noting that Newdow "acknowledged that his suit is unlikely to be successful" and that he

9

"has filed similar and unsuccessful suits over inauguration ceremonies in 2001 and 2005").

Most importantly, erasing all religious references from our public spaces by judicial decree would "evince a hostility" to religion that is neither required nor permitted by the Establishment Clause. *Van Orden*, 545 U.S. at 684 (plurality) (citing *Zorach v. Clauson*, 343 U.S. 306, 313-14 (1952)). In sum, Plaintiffs' breathtaking effort to eliminate our Nation's most cherished traditions finds no basis in the Constitution, Supreme Court precedent, or historical custom, and should be rejected by this Court as well.

## CONCLUSION

For the reasons stated, Plaintiffs' Motion for Preliminary Injunction should be denied.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

JAMES C. HO
Solicitor General
Texas Bar No. 24052766

ADAM W. ASTON
Assistant Solicitor General
Texas Bar No. 24045423

SUSANNA DOKUPIL
Assistant Solicitor General
Texas Bar No. 24034419

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
[Tel.] (512) 936-0596
[Fax] (512) 474-2697

COUNSEL FOR AMICI CURIAE

11

# CERTIFICATE OF SERVICE

I certify that on, January 7, 2009, a true and correct copy of this document was served

by Federal Express Delivery on all counsel of record in this proceeding as listed below:

Robert V. Ritter
Appignani Humanist
Legal Center
1777 T Street, N.W.
Washington, DC 20009
*Counsel for Plaintiffs*

Brad P. Rosenberg
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20001
*Counsel for Government Defendants*

Joe Lowery
3121 Cascade Rd S.W.
Atlanta, GA 30311
*Defendant*

E. Desmond Hogan
Hogan & Hartson
555 Thirteenth Street, N.W.
Washington, D.C. 20004
*Counsel for PIC Defendants*

Rick Warren
1 Saddleback Parkway
Lake Forest, CA 92630
*Defendant*

I certify that on, January 7, 2009, a true and correct copy of this document was served

by U.S. Certified Mail, Return Receipt Requested on counsel of record in this proceeding as

listed below. A courtesy copy was also sent by electronic mail.

Michael Newdow
P. O. Box 233345
Sacramento, CA 95823
*Counsel for Plaintiffs*

Adam W. Aston