# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MICHAEL NEWDOW,** *et al.,* ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **HON. JOHN ROBERTS, JR.,** *et al.*, ) <br> ) <br> **Defendants.** ) <br> ) | Civil Action No. 1:08-cv-02248-RBW |

## MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* OF
## THE AMERICAN CENTER FOR LAW AND JUSTICE
## IN SUPPORT OF THE DEFENDANTS

---

The American Center for Law and Justice (ACLJ) respectfully moves the court for leave to file the accompanying *amicus curiae* brief in support of Defendants.[1]

### POINTS AND AUTHORITIES SUPPORTING THE MOTION

**I.    INTEREST OF *AMICUS***

*Amicus*, American Center for Law and Justice (ACLJ), is an organization dedicated to the defense of constitutional liberties secured by law. ACLJ attorneys have presented argument in numerous cases before the Supreme Court of the United States, including several cases involving

---

[1] *Amicus* sought consent from all parties in this case. This motion and proposed *amicus* brief is filed with the consent of the Plaintiffs. The government and PIC Defendants take no position on the filing of *amicus* briefs in this matter. Attempts were made to contact Defendants Warren and Lowery; however, we have received no response to date.

the Establishment Clause. ACLJ attorneys have participated as counsel of record for parties and/or *amicus curiae* in numerous cases before the lower federal courts, including this Court.

*Amicus* has dedicated time and effort to defending and protecting Americans' First Amendment freedoms. It is this commitment to the integrity of the United States Constitution and Bill of Rights that compels them to oppose Plaintiffs' Motion for Preliminary Injunction.

The proper resolution of this case is a matter of great concern to *amicus* because Plaintiffs, Mr. Newdow in particular, seeks a precedent which, if followed to its logical end, would eventually result in the purging of every vestige of religious expression from public life. The notion that the Establishment Clause requires such a "relentless and all-pervasive attempt to exclude religion from every aspect of public life"[2] has no support in any Supreme Court case.

## II. WHY AN *AMICUS* BRIEF IS DESIRABLE AND WHY THE MATTERS ASSERTED ARE RELEVANT TO THE DISPOSITION OF THE CASE.

The ACLJ possesses expertise regarding the Establishment Clause of the First Amendment to the Constitution and seeks to analyze the relevant case law in order to demonstrate that the Court should resolve these vital constitutional issues in favor of the Defendants and dismiss Plaintiffs' complaint.

*Amicus* takes the position that presidential inaugural prayer in no way violates the Establishment Clause of the First Amendment to the United States Constitution. Mr. Newdow's unrelenting targeting of religious expression in the federal government is particularly ill-considered given the United States Supreme Court's decision in *Marsh v. Chambers*, 463 U.S. 783 (1983). His personal crusade serves no purpose other than to waste judicial resources at a time in our Nation's history when those resources are needed in cases involving real threats to

---

[2] *Allegheny County v. American Civil Liberties Union*, 492 U.S. 573, 657 (1989) (Kennedy, J., concurring) (quoting *Walz v. Tax Comm'n*, 397 U.S. 664, 670-71 (1970)).

American liberties. Moreover, a strategy like Newdow's will undoubtedly embolden further challenges to other religious expressions associated with the federal government, both within the Capitol and beyond.

In its brief, *Amicus* clarifies the Establishment Clause precedent relied upon by Plaintiffs and demonstrates the ongoing viability of the Supreme Court's decision in *Marsh v. Chambers*. The brief analyzes the challenged prayer under the controlling precedent of *Marsh v. Chambers* and takes the position that to strike down national traditions such as presidential inaugural prayer would be a disturbing departure from this and other Supreme Court precedent upholding the constitutionality of government practices recognizing the nation's religious heritage. *Amicus* believes strongly that a proper understanding and application of the Establishment Clause jurisprudence of the Supreme Court supports unequivocally the constitutionality of presidential inaugural prayer.

## III. CONCLUSION

WHEREFORE, this court should grant the present motion and allow *amicus* to file the accompanying brief *amicus curiae*.

Respectfully submitted this 13th day of January, 2009,

/s/ James M. Henderson
James M. Henderson (#452639)
  *Counsel of Record*
Jay Alan Sekulow*
Stuart J. Roth*
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Ave., NE
Washington, DC 20002
(202) 546-8890

Shannon Demos Woodruff*
Erik M. Zimmerman*
AMERICAN CENTER FOR LAW & JUSTICE
1000 Regent University Dr.
Virginia Beach, VA 23464
(757) 226-2489

* - Not admitted in this court

*Attorneys for Amicus Curiae*

# CERTIFICATE OF SERVICE

I certify that, on January 13, 2009, a true and correct copy of this document was served by Federal Express on the following counsel in this case:

Robert V. Ritter
Appignani Humanist Legal Center
1777 T. Street, NW
Washington, DC 20009
*Counsel for Plaintiffs*

Brad P. Rosenberg
United States Department of Justice
Civil Div., Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20001
*Counsel for Government Defendants*

Joe Lowery
3121 Cascade Rd S.W.
Atlanta, GA 30311
*Defendant*

E. Desmond Hogan
Hogan & Hartson
555 Thirteenth St., N.W.
Washington, D.C. 20004
*Counsel for PIC Defendants*

Rick Warren
1 Saddleback Parkway
Lake Forest, CA 92630
*Defendant*

I certify that, on January 13, 2009, a true and correct copy of this document was served by United States mail, along with a courtesy copy by electronic mail, on the following counsel in this case:

Michael Newdow
P.O. Box 233345
Sacramento, CA 95823
newdowlaw@cs.com
*Counsel for Plaintiffs*

/s/ James M. Henderson
James M. Henderson
*Counsel for Amicus*
