IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL NEWDOW, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 08-2248 (RBW) |
| HON. JOHN ROBERTS, JR., et al., | ) |
| Defendants. | ) |

## DR. RICK WARREN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

## INTRODUCTION

Defendant Dr. Rick Warren is at a loss to understand how, after this court has definitively upheld the constitutionality of inauguration prayers, lead plaintiff and attorney Michael Newdow[1] can continue to litigate the same issue. Because of the freedom we all enjoy, Newdow is fully entitled to express his atheistic beliefs and opinions, even though they find resonance with only a small minority of Americans. He is not entitled, however, to utilize this court as a forum for his ongoing efforts on both coasts to attract publicity while ignoring prior adverse rulings. Because these issues have been so thoroughly litigated in the past, only a cursory discussion is needed in the present case.

---

[1] Defendants will collectively be referenced herein as "Newdow."

## I. Newdow's Prior Unsuccessful Litigation Renders It Unlikely He Will Overcome Standing and Issue Preclusion, Much Less Prevail on the Merits of This Case.

"In order to prevail on his application for a preliminary injunction, Newdow must demonstrate (1) a substantial likelihood of success on the merits; (2) that he will suffer irreparable harm absent the relief requested; (3) that other interested parties will not be harmed if the requested relief is granted; and (4) that the public interest supports granting the requested relief." *Newdow v. Bush*, 355 F. Supp. 2d 265, 271 (D. D.C. 2005) It is "particularly important" for Newdow to demonstrate substantial likelihood of success, as failure to do so requires a much stronger showing of the other three elements in order to obtain the injunction. *Id.* at 272.

Newdow's argument that he is likely to prevail in this case is remarkable in light of his unsuccessful eight-year history of litigation on this exact same issue.

The instant lawsuit represents the third such action filed by Newdow against inauguration prayer. Newdow's first lawsuit was sparked by the 2001 inauguration of George W. Bush, when he claimed to feel offended by clergy-led prayers. The suit was dismissed for lack of standing by the federal court in his hometown of Sacramento, *Newdow v. Bush*, No. Civ. S-01-218 (E.D. Cal.). That dismissal was affirmed by the Ninth Circuit, *Newdow v. Bush*, 89 Fed.Appx. 624 (9th Cir. Feb. 17, 2004). Undeterred, Newdow picked a different venue—this Court—and filed suit on the same issue less than a year later, just prior to the 2005 inauguration. In a thorough and thoughtful opinion, Judge Bates denied Newdow's request for a preliminary injunction to stop clergy-led prayers. *Newdow v. Bush*, 355 F. Supp. 2d 255. Judge Bates closely examined issue preclusion and standing, as well as the merits of the case, and found them all to weigh

against granting injunctive relief. Dr. Warren will avoid the temptation to repeat Judge Bates' many observations as to why Newdow's prior request for an injunction fell short in every respect. Suffice it to say that Judge Bates' opinion demonstrates that Newdow's original defects were not curable through a subsequent lawsuit on the same subject.

**II.     Dr. Warren is not a Proper Defendant.**

This Court previously admonished Newdow for suing the wrong defendants over inauguration prayer, but the admonition appears to have gone unheeded. In discussing redressability for purposes of evaluating Newdow's standing, the Court noted, "[T]he only party against whom an injunction would redress Newdow's injury is President Bush. He has ultimate decision-making power in selecting speakers for the Inauguration, including clergy. . . . Newdow conceded that only an injunction against the President can truly redress his injuries. The prospect of this Court issuing an injunction against the President raises serious separation of powers concerns." *Id.* at 280.

President-elect Obama is listed nowhere as a defendant in this case. For this reason alone, this Court's prior ruling should result in a summary rejection of Newdow's claim for injunctive relief against Dr. Warren and his co-defendants. Additionally, it is not seriously contended that Rev. Warren—the content of whose prayer is known only to himself—is a state actor.

**III.    There is no likelihood of success on the merits.**

The main case dealing with clergy praying at official government gatherings at the request of elected officials is *Marsh v. Chambers*, 463 U.S. 783 (1983). The essential difference between this case before the court and Marsh is the branch of government that

is being challenged, i.e., legislative as opposed to executive. In both Marsh and the present case, elected officials invited clergy to invoke divine blessing and seek "spiritual inspiration." *Lee v. Weisman*, 505 U.S. 577, 630 (1992) (Souter, J., concurring). Justice Sutter explained that Marsh was a case "in which government officials invoke spiritual inspiration entirely for their own benefit." This is distinct from an invocation at a high school graduation.

Newdow fails to articulate what the substantive legal difference is between solemnizing a government function through prayer that occurs in the legislative branch versus virtually the same activity in an executive branch, i.e., a presidential inauguration. Marsh is thus controlling.

Although Newdow would like to overturn Marsh, that can only be done by the U.S. Supreme Court. Since this court is bound by the reasoning in Marsh, Newdow cannot prevail at the district court level. Therefore, the motion for preliminary injunction should be denied.

### IV. The harm to Defendant Warren would exceed the harm to Newdow if a preliminary injunction were issued.

Reverend Warren has been chosen by President-elect Obama to be a part of the solemnization of the inauguration by providing the invocation. Dr. Warren will invoke divine blessing and will, as Justice Sutter explained, attempt to provide "spiritual inspiration" at the request of an elected official. *Lee*, *Id.*, at 630. If the preliminary injunction were issued, then Rev. Warren's speech and free exercise rights would be harmed. This injury to Rev. Warren is direct, active and personal. In contrast, Newdow's harm is indirect, passive, and impersonal. Hence, in balancing the harms, the

injury to Rev. Warren would exceed that of Newdow. As such, the preliminary injunction should not be issued.

V. **The public interest is weighted against the issuance of a preliminary injunction.**

Newdow has identified no other public interest that will be furthered from the issuance of a preliminary injunction other than the indirect benefit to atheists. According to Appendix B of the Complaint, atheists comprise a mere 3% of the population.

However, there is at least an equally great benefit to giving President-elect Obama, whom the voters chose, the freedom to determine the manner in which he will solemnize his own inaugural. That includes choosing clergy for which he seeks "spiritual inspiration/" *Lee*, *Id*. Giving the newly elected President that latitude is a benefit to those who participated in electing the President, i.e., the voters.

## CONCLUSION

In view of the foregoing, Defendant Warren requests that Plaintiffs' motion for preliminary injunction be denied.

Dated: January 15, 2009

Respectfully submitted,

PACIFIC JUSTICE INSTITUTE

 /S/ Kevin Snider
Kevin T. Snider, Chief Counsel
California Bar Number 170988
P.O. Box 276600
9851 Horn Road, Suite 115
Sacramento, CA 95827
Tel. (916) 857-6900
Fax: (916) 857-6902
kevinsnider@pacificjustice.org

/s/ J. Stephen Simms<br>
J. Stephen Simms<br>
Simms Showers LLP<br>
20 S. Charles Street, Suite 702<br>
Baltimore, Maryland 21201<br>
Tel. (410) 783-5795<br>
Fax: (410) 510-1789<br>
jssimms@simmsshowers.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2009, I served on all parties to this action the foregoing by electronically filing this document through the Court's CM/ECF website.

/s/ J. Stephen Simms