# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**MICHAEL NEWDOW,** *et al.*,

        **Plaintiffs,**

    v.

**HON. JOHN ROBERTS, JR.,** *et al.*,

        **Defendants.**

Civil case No. 1:08-cv-02248-RBW

## PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT FIRST AMENDED COMPLAINT

MICHAEL NEWDOW
*In pro per* and *pro hac vice*
PO BOX 233345
SACRAMENTO, CA 95823

(916) 427-6669
NewdowLaw@gmail.com


ROBERT V. RITTER
DC BAR #414030
AHA – 1777 T STREET, NW
WASHINGTON, DC 20009

(202) 238-9088
BRitter@americanhumanist.org

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................1

CONSULTATION ................................................................................2

CHANGES FROM THE ORIGINAL COMPLAINT ...................................3

    I.   ALTERED DESCRIPTIONS OF THE INITIAL PLAINTIFFS .....3

    II.  NEW PLAINTIFFS ................................................................3

        a.  More Plaintiffs, Generally ............................................3

        b.  More Child Plaintiffs ...................................................6

    III. CHANGES PERTAINING TO THE DEFENDANTS......................8

        a.  Defendant Hon. John Roberts, Jr. ..................................8

        b.  Additional Defendants ..................................................8

            i.  "Other Unnamed Oath Administrator(s)" ..................8

            ii. Secret Service and Marshals Service..............................8

            iii. "Other Governmental 'Roe' Defendants" .....................9

            iv. "Other Unnamed Clergy" ..........................................9

    IV. NEW FACTUAL ALLEGATIONS ......................................10

    V.  SPECIFICATION OF INJURIES AND HARMS..........................10

CONCLUSION .....................................................................................10

# TABLE OF AUTHORITIES

**Cases**

Abington School District v. Schempp, 374 U.S. 203 (1963) ....................................7
Edwards v. Aguillard, 482 U.S. 578 (1987) ...........................................................7
Elk Grove United School Dist. v. Newdow, 542 U.S. 1 (2004)...............................4
Lee v. Weisman, 505 U.S. 577 (1992)....................................................................7
Lynch v. Donnelly, 465 U.S. 668 (1984).................................................................4
Marsh v. Chambers, 463 U.S. 783 (1983) ..............................................................7
Van Orden v. Perry, 545 U.S. 677 (2005) ..............................................................5

**Rules**

Fed. R. Civ. P. Rule 15 ...........................................................................................1
LCvR 7....................................................................................................................2
Local Rule LCvR 15.1 ............................................................................................1

# INTRODUCTION

On December 30, 2008, Plaintiffs filed their Complaint in this action. Document 1. Pursuant to Fed. R. Civ. P. Rule 15 and Local Rule LCvR 15.1, Plaintiffs respectfully move for leave to submit a First Amended Complaint. Exhibit A. Rule 15(a)(1)(A) states, "A party may amend its pleading once as a matter of course ... before being served with a responsive pleading." No Defendant has, as yet, filed a responsive pleading.

LCvR 15.1 states, "A motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended. The amended pleading shall be deemed to have been filed and served by mail on the date on which the order granting the motion is entered." The amended pleading (hereafter "First Amended Complaint" or "FAC") is being filed via CM/ECF with this Motion.

# CONSULTATION

Pursuant to LCvR 7(k) and (m):

(a) Consultation was obtained with Brad Rosenberg, opposing counsel for Defendants Hon. John Roberts, Jr., JCCIC, Senator Dianne Feinstein, AFIC, and Major General Richard Rowe. Mr. Rosenberg's address is:

> Brad Rosenberg
> USDOJ, Civil Division, Federal Programs Branch
> PO Box 883
> Washington, DC 20044

Mr. Rosenberg does not oppose this Motion.

(b) Consultation was obtained with E. Desmond Hogan, opposing counsel for Defendants PIC and Emmett Beliveau. Mr. Hogan's address is:

> E. Desmond Hogan
> Hogan & Hartson, LLP
> 555 Thirteenth St., NW
> Washington, DC 20004

Mr. Hogan does not oppose this Motion.

(c) Consultation was obtained with Kevin Snider, opposing counsel for Defendants Rev. Rick Warren and Rev. Joseph Lowery. Mr. Snider's address is:

> Kevin Snider
> Pacific Justice Institute
> 9851 Horn Road, Suite 115
> Sacramento, CA 95827

Mr. Snider does not oppose this Motion.

# CHANGES FROM THE ORIGINAL COMPLAINT

To assist the Court and opposing counsel in reviewing the FAC, Plaintiffs are providing the following synopsis and explanation of the changes related to the Complaint first filed (i.e., Document 1).

## I. ALTERED DESCRIPTIONS OF THE INITIAL PLAINTIFFS

With the January 20, 2009 inauguration now past, the descriptions of the original individual plaintiffs (expressing their planned activities) became stale. Thus, updated descriptions, explaining what transpired vis-à-vis their viewing of the inauguration, have been included.

## II. NEW PLAINTIFFS

### a. More Plaintiffs, Generally

Subsequent to the filing of the Original Complaint, many individuals contacted the undersigned, indicating that they would have liked to have participated in this action. When some of those individuals were informed that an Amended Complaint would be filed, they asked to be included, and also publicized to others in the godless community that there was an opportunity for additional plaintiffs to be included.

Plaintiffs believe the additional plaintiffs are important to demonstrate the pervasiveness of the sense of second-class citizenship suffered by American citizens as a result of the challenged practices. This harm is particularly profound for those who are parents of impressionable children, as they are forced to navigate between facilitating the sense of awe and pride our youngest citizens share as their president is inaugurated (on the one hand), and mitigating the harms their sons and daughters sustain as Defendants use the inaugural ceremony to proclaim that the godless are less than the equal of their peers (on the other).

Additionally, the added plaintiffs demonstrate the falsity of past conclusions regarding the paucity of lawsuits such as the one at bar. For instance, Justice O'Connor wrote in <u>Lynch v. Donnelly</u>, 465 U.S. 668, 693 (1984) (O'Connor, J., concurring):

> It is significant in this regard that the crèche display apparently caused no political divisiveness prior to the filing of this lawsuit, although Pawtucket had incorporated the crèche in its annual Christmas display for some years.

Similarly, she argued in <u>Elk Grove United School Dist. v. Newdow</u>, 542 U.S. 1, 38-39 (2004) (O'Connor, J., concurring), that:

> [I]n the 50 years that the Pledge has been recited as it is now, by millions of children, this was, at the time of its filing, only the third reported case of which I am aware to challenge it as an impermissible establishment of religion.

In another challenge to the governmental endorsement of society's Monotheistic religious bent, Justice Breyer expressed a similar notion:

> As far as I can tell, 40 years passed in which the presence of this monument, legally speaking, went unchallenged (until the single legal objection raised by petitioner). And I am not aware of any evidence suggesting that this was due to a climate of intimidation. Hence, those 40 years suggest more strongly than can any set of formulaic tests that few individuals, whatever their system of beliefs, are likely to have understood the monument as amounting, in any significantly detrimental way, to a government effort to favor a particular religious sect, primarily to promote religion over nonreligion, to "engage in" any "religious practice," to "compel" any "religious practice," or to "work deterrence" of any "religious belief."

Van Orden v. Perry, 545 U.S. 677, 702 (2005) (Breyer, J., concurring).

Those attempting to maintain the governmental endorsement of Monotheism have followed the lead of these justices, employing this "logic." In fact, in a case currently pending at the United States Court of Appeals for the Ninth Circuit, one of the defendants cited Justice Breyer's passage:

> Another "determinative" factor indicating that the Pledge is not "divisive" in Justice Breyer's view is the fact that reciting the Pledge has gone largely "unchallenged" during the 52 years it has included the words "under God." *Van Orden*, 125 S.Ct. at 2870. It is hardly surprising that a practice of such ubiquity has resulted in some litigation, but approximately four lawsuits brought in 52 years is a very low number. The ratio of litigation to the frequency and ubiquity of the activity is exceptionally low, and certainly lower than the Ten Commandments monument at issue in *Van Orden*.

Newdow v. Carey, Ninth Circuit Court of Appeals Docket #05-17257 (filed, 11/30/05) (challenging the intrusion of "under God" into the Pledge of Allegiance), Brief of Defendant-Intervenor-Appellants John Carey *et al.*, at 53. Appendix A.

Plaintiffs find this contention (i.e., that one can determine the offensiveness of a government practice to a disenfranchised minority by counting the number of legal challenges) to be specious. In the face of prejudicial laws instituted by an oppressive majority, a lack of litigation shows only that it is rare for the necessary opportunity, dedication, leadership, resources and courage to aggregate so that an attempt can be made to remedy the constitutional violation. As the additional plaintiffs here – all of whom were willing to invest the time and effort to create their own declarations, and to risk the potentially dire consequences of having their names and addresses divulged as godless activists – help to reveal, one of those times has arisen.

### b. More Child Plaintiffs

A number of parents have come forward and expressly noted how the unconstitutional infusions of Monotheism at the inauguration harmed their children and their abilities to raise their children with the religious views they choose to instill without government entering that protected domain.[1] As demonstrated by the

---

[1] A Motion respectfully requesting the Court to allow their names and addresses to be filed under seal is being filed concurrently with this Motion.

decision in Lee v. Weisman, 505 U.S. 577 (1992) (which came to a conclusion opposite that in Marsh v. Chambers, 463 U.S. 783 (1983) in regard to government-sponsored prayers comporting with the First Amendment's guarantees), the Supreme Court has been "particularly vigilant in monitoring compliance with the Establishment Clause," Edwards v. Aguillard, 482 U.S. 578, 583 (1987), when impressionable children are at risk. Thus, to whatever degree the government may be excused for violating the religious freedoms of the adults in this case,[2] the "justifications" cannot hold sway in the presence of the forty or so children now involved.

    This involvement of children is especially important in regard to the standing inquiry. As the Supreme Court noted in Abington School District v. Schempp, 374 U.S. 203, 225 (n.9) (1963):

> [T]he requirements for standing to challenge state action under the Establishment Clause, unlike those related to the Free Exercise Clause, do not include proof that particular religious freedoms are infringed. McGowan v. Maryland, supra, at 429-430. The parties here are school children and their parents, who are directly affected by the laws and practices against which their complaints are directed. These interests surely suffice to give the parties standing to complain.

---

[2] Plaintiffs argue that they may not be excused at all in the actions at bar.

### III. CHANGES PERTAINING TO THE DEFENDANTS

#### a. Defendant Hon. John Roberts, Jr.

The roles of Defendant Hon. John Roberts, Jr. have been clarified. In his official capacity, he is acting as the Chief Justice of the United States, who (by tradition) has been chosen to perform the purely ministerial act of administering the oath of office to the President in 55 of the 58 public inaugurations, and in all 41 public inaugurations since 1853.[3] In his individual capacity, Defendant Roberts is acting as any other individual who might be chosen to administer the oath.

#### b. Additional Defendants

##### i. "Other Unnamed Oath Administrator(s)"

To account for any future Chief Justice or other individual who might be chosen to administer the oaths of office in 2013 and/or 2017, Defendant "Other Unnamed Oath Administrator(s)" has been added.

##### ii. Secret Service and Marshals Service

Plaintiffs remain uncertain as to which governmental agents are involved in controlling access to the inaugural platform. However, it appears that the United

---

[3] These data have been gleaned from the information provided by the Architect of the Capitol, accessed at http://www.aoc.gov/aoc/inaugural/pres_list.cfm on February 26, 2009.

States Secret Service and the United States Marshals Service (along with their directors) are involved. Thus, Plaintiffs have added these parties as defendants.

### iii. "Other Governmental 'Roe' Defendants"

"Other Governmental 'Roe' Defendants" have also been added. These currently unnamed individuals, agencies, etc., are those that may, upon discovery, be found to have retained the challenged control during the 2009 inauguration, as well as those who may be responsible for platform access in the 2013 and 2017 inaugurations. They would also be those currently unnamed individuals, agencies, etc., who control the audio-visual systems that broadcast the presentations of the speakers and performers. Such Defendants would include (but not be limited to) the Presidential Inaugural Committees and their directors for those years.

### iv. "Other Unnamed Clergy"

"Other Unnamed Clergy" have been added to account for any clergy who might be chosen to give invocations, benedictions or other (Christian) Monotheistic prayers in 2013 and/or 2017.

## IV. NEW FACTUAL ALLEGATIONS

Plaintiffs have referenced the "tradition" of the "Red Mass," in which Defendant Roberts has participated each of the past three years. FAC at ¶¶ 100-01.

## V. SPECIFICATION OF INJURIES AND HARMS

For clarification, Plaintiffs have specified the injuries and harms. FAC at ¶¶ 126-34.

## **CONCLUSION**

With the foregoing in mind, Plaintiffs respectfully request leave to file a First Amended Complaint.

Respectfully submitted,

/s/ - Michael Newdow                     /s/ - Robert V. Ritter

Michael Newdow                           Robert V. Ritter
*In pro per and Pro hac vice*            DC Bar #414030
PO Box 233345                            AHA – 1777 T Street, NW
Sacramento, CA  95823                    Washington, DC  20009

Phone:   (916) 427-6669                  (202) 238-9088
E-mail:  NewdowLaw@gmail.com             BRitter@americanhumanist.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Action No. 1:08-cv-02248-RBW

<u>Newdow v. Roberts</u>

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2009, I filed the following document:

   **(1) PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT FIRST
      AMENDED COMPLAINT**
   **(2) FIRST AMENDED COMPLAINT (as attached Exhibit to (1))**

electronically with the Clerk of the United States District Court for the District of Columbia, using the CM/ECF system. Accordingly, service will assumedly be made upon:

Counsel for Defendants Roberts, JCCIC, Feinstein, AFIC and Rowe:
     Eric B. Beckenhauer eric.beckenhauer@usdoj.gov
     Brad P. Rosenberg brad.rosenberg@usdoj.gov

Counsel for Defendants PIC and Beliveau:
     Desmond Hogan edhogan@hhlaw.com
     Craig Alan Hoover cahoover@hhlaw.com
     Dominic F. Perella dfperella@hhlaw.com

Counsel for Defendants Warren and Lowery:
     J. Stephen Simms jssimms@simmsshowers.com
     Kevin E. Snider kevinsnider@pacificjustice.org


<u>/s/ - Michael Newdow</u>

Michael Newdow
*In pro per* and *pro hac vice*
PO Box 233345
Sacramento, CA  95823

(916) 427-6669
NewdowLaw@gmail.com