## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL NEWDOW**, *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **Civil Action #1:08-cv-02248-RBW** |
| **HON. JOHN ROBERTS, JR.**, *et al.*, | |
| **Defendants.** | |

---

### PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE #2

---

MICHAEL NEWDOW
*In pro per* and *pro hac vice*
PO BOX 233345
SACRAMENTO, CA  95823

(916) 427-6669
NewdowLaw@gmail.com


ROBERT V. RITTER
DC BAR #414030
AHA – 1777 T STREET, NW
WASHINGTON, DC  20009

(202) 238-9088
BRitter@americanhumanist.org

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................... ii

INTRODUCTION ............................................................................................1

ARGUMENT ....................................................................................................2

    A. PLAINTIFFS HAVE FILED AN AMENDED
       COMPLAINT, SEEKING REDRESS FOR THE 2013
       AND 2017 INAUGURATIONS AS WELL .............................................2

    B. THIS CASE PRESENTS A CLASSIC "CAPABLE OF
       REPETITION, YET EVADING REVIEW"
       EXCEPTION TO THE MOOTNESS DOCTRINE ..............................3

CONCLUSION ..................................................................................................6

# TABLE OF AUTHORITIES

## Cases

City of Erie v. Pap's A.M., 529 U.S. 277 (2000) ........................................... 2

FEC v. Wisconsin Right to Life, Inc., 127 S. Ct. 2652 (2007)................... 3, 5

First National Bank v. Bellotti, 435 U.S. 765 (1978) ................................ 4, 5

Newdow v. Bush, 391 F. Supp. 2d 95 (D.D.C. 2005) .................................... 4

## Constitutional Provisions

United States Constitution, Amendment XX................................................. 4

## Rules

Fed. R. Civ. P. Rule 15 ................................................................................... 2

Local Rule LCvR 15.1 .................................................................................... 2

<u>**INTRODUCTION**</u>

On December 30, 2008, Plaintiffs filed a Complaint seeking to prevent the infusion of Monotheistic religion at the inauguration of President Barack Obama, scheduled to occur on January 20, 2009. Specifically, Plaintiffs sought to prevent the expected addition, by Defendant Chief Justice John Roberts, Jr., of the phrase "so help me God" to the presidential oath of office, as well as the use of clergy-led Monotheistic prayers. After a motion for a Preliminary Injunction was denied (on January 16, 2009), Document 42, the inauguration took place. Precisely as feared, the ceremony was interlarded with the challenged Monotheistic endorsements.

On February 10, 2009 – with the harms then past – the Court issued an Order stating:

> The plaintiffs shall show cause by February 27, 2009, why this case should not be dismissed on the ground that the event about which the plaintiffs sought redress has been completed, and therefore the plaintiffs' claims have become moot. The plaintiffs' failure to show cause or seek an extension to respond to this Order by the February 27, 2009 deadline will result in the dismissal of this case.

Document 50.

Plaintiffs had planned to respond to the Order by the February 27 deadline. However, after consultation with Defendants, it was determined that there were issues that might be better addressed prior to submitting the response. Accordingly, a Motion to Extend was filed on February 27. Document 62. The Motion sought to

extend the time of filing to March 10, 2009. This document, being filed on March

10, is Plaintiffs' Response to the Court's Document 50 (February 10, 2009) Order.


**ARGUMENT**

**A. PLAINTIFFS HAVE FILED AN AMENDED COMPLAINT, SEEKING REDRESS FOR THE 2013 AND 2017 INAUGURATIONS AS WELL**

> "'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" <u>County of Los Angeles v. Davis</u>, 440 U.S. 625, 631, 59 L. Ed. 2d 642, 99 S. Ct. 1379 (1979) (quoting <u>Powell v. McCormack</u>, 395 U.S. 486, 496, 23 L. Ed. 2d 491, 89 S. Ct. 1944 (1969)). The underlying concern is that, when the challenged conduct ceases such that "'there is no reasonable expectation that the wrong will be repeated,'" <u>United States v. W. T. Grant Co.</u>, 345 U.S. 629, 633, 97 L. Ed. 1303, 73 S. Ct. 894 (1953), then it becomes impossible for the court to grant "'any effectual relief whatever' to [the] prevailing party," <u>Church of Scientology of Cal. v. United States</u>, 506 U.S. 9, 12, 121 L. Ed. 2d 313, 113 S. Ct. 447 (1992) (quoting <u>Mills v. Green</u>, 159 U.S. 651, 653, 40 L. Ed. 293, 16 S. Ct. 132 (1895)). In that case, any opinion as to the legality of the challenged action would be advisory.

<u>City of Erie v. Pap's A.M.</u>, 529 U.S. 277, 287 (2000).

Pursuant to Fed. R. Civ. P. Rule 15 and Local Rule LCvR 15.1, Plaintiffs –

in filings accompanying this document – have moved for leave to submit a First

Amended Complaint. That First Amended Complaint has broadened the claims of

the Original Complaint to include the next two inaugurations. Accordingly, since

the events about which the plaintiffs are now seeking redress are yet to occur, the

issues presented are "live" and Plaintiffs maintain "a legally cognizable interest in the outcome." In fact, it is virtually certain "that the wrong will be repeated," and the Court can readily grant "effectual relief" to Plaintiffs. Thus, an opinion as to the legality of the challenged actions would not be advisory. On the contrary, if Plaintiffs prevail, it would provide the declaratory and/or injunctive relief they seek, putting an end to the violations of their fundamental rights of religious freedom.

## B. THIS CASE PRESENTS A CLASSIC "CAPABLE OF REPETITION, YET EVADING REVIEW" EXCEPTION TO THE MOOTNESS DOCTRINE

There is an "established exception to mootness for disputes capable of repetition, yet evading review." FEC v. Wisconsin Right to Life, Inc., 127 S. Ct. 2652, 2662 (2007). "The exception applies where '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" Id. (citation omitted). As in Wisconsin Right to Life, "[b]oth circumstances are present here." Id.

The time for the presidential election is set by 3 U.S.C. § 1:

> The electors of President and Vice President shall be appointed, in each State, on the Tuesday next after the first Monday in November, in every fourth year

succeeding every election of a President and Vice President.

The time of the inauguration of the President is set by the Twentieth Amendment, Section 1:

> The terms of the President and Vice President shall end at noon on the 20th day of January, and the terms of Senators and Representatives at noon on the 3d day of January, of the years in which such terms would have ended if this article had not been ratified; and the terms of their successors shall then begin.

Accordingly, Plaintiffs have, as a maximum, only two and one half months (approximately 75 days) from the time they learn of the potential key Defendants in this type of litigation and the time before the challenged activity actually takes place. This, of course, doesn't take into account the delay before a Presidential Inaugural Committee, for example, is formed, or the time before an announcement is made as to who will administer the presidential oath of office or what clergy will be leading the audience in Monotheistic prayers.

That this interval is too short to fully litigate the matter has been shown in each of the past two challenges. Despite Judge Bates' claim that "[a]s the earlier proceedings in this case reflect, the period between a President's election and inauguration is not too short to permit judicial review," Newdow v. Bush, 391 F. Supp. 2d 95, 108 (D.D.C. 2005), the fact is that the case cited to support this proposition (i.e., First National Bank v. Bellotti, 435 U.S. 765, 774 (1978)) held

that an eighteen month period was "too short a period of time for appellants to obtain complete judicial review, and there is every reason to believe that any future suit would take at least as long." <u>Id</u>.

Plaintiffs respectfully submit that Judge Bates' 2005 argument was mistaken. The "proceedings" in the case he oversaw only progressed to the preliminary injunction stage, where the plaintiff was required to meet a burden far greater than that required for ultimate relief, in a time span far shorter than that which is normally provided in this sort of litigation. Furthermore, the fact is that Judge Bates ruled that the case was moot, <u>id</u>., at 107-108, before any discovery was held or testimony was heard. In other words, while claiming that the "capable of repetition, yet evading review" exception to mootness does not apply, Judge Bates set the stage for repetition by declaring the case moot before adequate review ever took place.

In addition to the case Judge Bates cited (i.e., <u>First National Bank v. Bellotti</u>), myriad other cases show that 75 days is simply too short to litigate the issues raised in this litigation. <u>Wisconsin Right to Life</u>, <u>supra</u>, is an excellent on-point example. In fact, the Supreme Court specifically stated there that:

> We have recognized that the "'capable of repetition, yet evading review' doctrine, **in the context of election cases**, is appropriate when there are 'as applied' challenges as well as in the more typical case involving only facial attacks."

127 S. Ct. at 2663 (emphasis added). The instant litigation (which involves both "as applied" and facial claims, falls within that "election cases" category.

## **CONCLUSION**

Plaintiffs' First Amended Complaint extends the challenges to the governmental infusions of Monotheism through January 20, 2017. Thus, Plaintiffs' claims are not moot. Furthermore, even if mootness could be shown, the "capable of repetition, yet evading review" exception to mootness would apply. Accordingly, there is no cause to dismiss this case.

Respectfully submitted this 10th day of March, 2009,


/s/ - Michael Newdow                    /s/ - Robert V. Ritter

Michael Newdow                          Robert V. Ritter
*In pro per* and *pro hac vice* (pending)   DC Bar #414030
PO Box 233345                           AHA – 1777 T Street, NW
Sacramento, CA  95823                   Washington, DC  20009

(916) 427-6669                          (202) 238-9088
NewdowLaw@gmail.com                     BRitter@americanhumanist.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Civil Action No. 1:08-cv-02248-RBW**

**<u>Newdow v. Roberts</u>**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2009, I filed the following document:

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE #2**

electronically with the Clerk of the United States District Court for the District of
Columbia, using the CM/ECF system. Accordingly, service will assumedly be
made upon:

Counsel for Defendants Roberts, JCCIC, Feinstein, AFIC and Rowe:
    Eric B. Beckenhauer <u>eric.beckenhauer@usdoj.gov</u>
    Brad P. Rosenberg <u>brad.rosenberg@usdoj.gov</u>

Counsel for Defendants PIC and Beliveau:
    Desmond Hogan <u>edhogan@hhlaw.com</u>
    Craig Alan Hoover <u>cahoover@hhlaw.com</u>
    Dominic F. Perella <u>dfperella@hhlaw.com</u>

Counsel for Defendants Warren and Lowery:
    J. Stephen Simms <u>jssimms@simmsshowers.com</u>
    Kevin E. Snider <u>kevinsnider@pacificjustice.org</u>

<u>/s/ - Robert V. Ritter.</u>

ROBERT V. RITTER
DC BAR #414030
AHA – 1777 T STREET, NW
WASHINGTON, DC  20009

(202) 238-9088
<u>BRitter@americanhumanist.org</u>