# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                          )
MICHAEL NEWDOW, et al.,                   )
                                          )
        Plaintiffs,                       )    Case No. 08-CV-2248-RBW
                                          )
            v.                           )
                                          )    **RESPONSE TO PLAINTIFFS'**
HON. JOHN G. ROBERTS, et al.,             )    **RESPONSE TO SHOW-CAUSE**
                                          )    **ORDER**
        Defendants.                       )
_____)

## RESPONSE TO PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

Defendants Presidential Inaugural Committee and its former Executive Director Emmett Beliveau[1] (collectively, "PIC"), hereby respond to Plaintiffs' Response to Order to Show Cause #1 (Dkt. No. 51, filed Feb. 23, 2009) ("Response"). PIC adopts in full the response filed by the United States Department of Justice ("DOJ"). In addition, PIC briefly addresses two fatal defects in Plaintiffs' Response that are specific to PIC. First, Plaintiffs have made no attempt to explain how an injunction against PIC would redress their alleged harm (it would not); and second, Plaintiffs have not distinguished the cases, cited by PIC, demonstrating that PIC is not a state actor. For these reasons, along with those discussed by DOJ, the case should be dismissed.

## ARGUMENT

### I. PLAINTIFFS MAKE NO ATTEMPT TO EXPLAIN HOW AN INJUNCTION AGAINST PIC WOULD REDRESS THEIR PURPORTED INJURIES.

At oral argument on Plaintiffs' motion for a preliminary injunction, this Court correctly observed that an injunction against any or all named defendants, including PIC, could not redress

---

[1] Mr. Beliveau is no longer the executive director or an officer of PIC. He resigned both positions in January – yet another reason why the injunction sought by Plaintiffs against Mr. Beliveau could not possibly redress their injuries.

Plaintiffs' alleged injuries: "[The President-elect would] be able to say [to his chosen clergy], 'Come up on this stage.' I don't think anybody can stop that from occurring, and therefore, I fail to see how I have the ability to provide the redress that the Plaintiffs are seeking." Tr. at 70:8-11. Judge Bates reached the same conclusion in 2005: "[T]he only party against whom an injunction would redress Newdow's injury is President Bush. . . . There is nothing in the record before the Court that would indicate that another defendant could prevent the President from inviting clergy of his choosing to give a religious prayer." *Newdow* v. *Bush*, 255 F. Supp. 2d 265, 279-80 (D.D.C. 2005) ("*Newdow II*"). And indeed, Plaintiff Newdow *conceded the point* in the previous iteration of this case: "At the hearing on the motion for preliminary injunction, Newdow conceded that only an injunction against the President can truly redress his injuries." *Id.* at 280.

Plaintiffs' Response makes little effort to rebut these conclusions. The Response does not even mention PIC in its redressability discussion. It therefore does nothing to refute PIC's earlier observation that Plaintiffs lack standing as to PIC because "[t]hey have not alleged that PIC has or could have caused [clergy] to speak, nor have they alleged that PIC has or could have caused Chief Justice Roberts to include the phrase 'so help me God' in the oath of office, nor have they alleged that an injuction against PIC would somehow affect President-elect Obama's decision on these points." Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 12, filed Jan. 8, 2009) ("PIC Opposition") at 6.

Indeed, Plaintiffs' *only* response regarding redressability is to make a generalized assertion with no supporting authority or evidence: Plaintiffs now baldly state that "defendants controlled whether or not the offensive religious verbiage would be espoused. Access to the inaugural platform was under their domain." Response at 10. But these assertions of counsel

contradict affidavits in the record;[2] they were not included in Plaintiffs' Complaint; and even if they had been, the Complaint would still fail because the assertions are wholly conclusory. *See National Shopmen Pension Fund* v. *Disa*, 583 F. Supp. 2d 95, 99 (D.D.C. 2008) (holding that a court "is not required to accept plaintiffs' asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint"). As Plaintiff Newdow conceded four years ago, his Complaint is not redressable, and Plaintiffs therefore lack Article III standing. The entire Complaint may be dismissed on this ground alone.

## II. PIC IS NOT A STATE ACTOR.

Though the Court need not reach the question to dispose of this case, PIC is not a state actor subject to the strictures of the Establishment Clause and the Religious Freedom Restoration Act. As PIC previously explained, (1) it is a private, non-profit corporation organized under District of Columbia corporate law; (2) its incorporators and directors are private citizens; (3) it receives no government funds but instead finances inaugural celebration events with private donations; and (4) a federal statute (36 U.S.C. § 503) requires it to indemnify the government for liability incurred in connection with its use of government property – a provision irreconcilable with the notion that it is a governmental actor. *See* PIC Opposition at 7-8. Faced with these same facts, Judge Bates concluded in 2005 that Newdow "ha[d] not raised a substantial" state-action argument as to PIC "on the present record, which indicates only that the PIC – otherwise a privately incorporated and funded organization – is selected by the President." *Newdow II*, 355 F. Supp. 2d at 391 n.33.

In their Response, Plaintiffs decline to acknowledge or address any of these points. Instead, they make one and only one argument: that PIC must be a state actor because its work

---

[2] *See, e.g.*, Government Opposition to Preliminary Injunction, Exh. 7 (Groppel Declaration) (Dkt. No. 13) (filed Jan. 8, 2009).

3

involves inauguration ceremonies. *See* Response at 18-19. But Plaintiffs offer no support – nor could they – for the notion that a private actor is somehow transformed into a state actor merely because it performs work in connection with governmental ceremonies. Such a misguided rule would cause upheaval for the countless private contractors who routinely handle tasks for federal and local governments.[3]

Likewise, Plaintiffs do not grapple with the cases, cited by PIC at oral argument, holding that a corporate entity is not a state actor unless "the government created the corporate entity by special law" and "the government retains permanent authority to appoint a majority of the directors of the corporation." *Hack* v. *President & Fellows of Yale Coll.*, 237 F.3d 81, 84 (2d Cir. 2000) (quotation marks and citation omitted); *accord Hall* v. *American Nat'l Red Cross*, 86 F.3d 919, 921 (9th Cir. 1996). Fatally for Plaintiffs' argument, neither of these is true of PIC and Plaintiffs do not argue the contrary. Instead, they simply say that neither *Hack* nor *Hall* is a case about presidential inaugurations. *See* Response at 19. But *Hack* and *Hall* do not turn on the type of work performed by the corporate entity, as is clear from the holdings quoted above. Plaintiffs' passing attempt to distinguish the cases therefore fails. *See Strachan* v. *Colon*, 941 F.2d 128, 130 (2d Cir. 1991) ("Although petitioner attempts to distinguish these cases on their facts, the principle enunciated is plain and nothing counsels us to apply any different rule.").

---

[3] Plaintiffs' only citation to precedent, *Evans* v. *Newton*, 382 U.S. 296 (1966), does not help them. *See* Response at 18. *Evans* merely recites the well-accepted rule that government cannot avoid the strictures of the Constitution by entirely offloading a core governmental function, such as the conduct of an election, to a private actor. *Id.* at 299. This rule was aimed at preventing Southern states from privatizing elections during Jim Crow in order to discriminate without fear of facing equal-protection claims. *See Terry* v. *Adams*, 345 U.S. 461 (1953). The anti-Jim Crow precedent of *Evans* has no applicability here; it is not nearly broad enough to convert every private actor that assists with, or performs services in connection with, a government-related ceremony into a governmental actor.

# CONCLUSION

For the foregoing reasons, and those in the response filed by DOJ, the Complaint should be dismissed.

Respectfully submitted,

Dated: March 11, 2009   _____/S/_____

Craig A. Hoover (D.C. Bar No. 386918)
E. Desmond Hogan (D.C. Bar No. 458044)
Dominic F. Perella (D.C. Bar No. 976381)
HOGAN & HARTSON L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Phone: (202) 637-5600
Fax: (202) 637-5910
E-mail: cahoover@hhlaw.com
E-mail: edhogan@hhlaw.com

Of Counsel

Deborah T. Ashford
General Counsel, Presidential Inaugural Committee 2009 c/o
HOGAN & HARTSON L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Phone: (202) 637-5600
Fax: (202) 637-5910
E-mail: dtashford@hhlaw.com

General Counsel for Presidential Inaugural Committee 2009

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Opposition to Plaintiffs Motion for Preliminary Injunction were served this 11th day of March, 2009, by the Court's ECF system, e-mail, and first-class mail, postage prepaid, upon:

>Michael Newdow
>PO Box 233345
>Sacramento, CA 95823
>NewdowLaw@gmail.com
>
>Robert Ritter
>AHA
>1777 T Street, N.W.
>Washington, DC 20009
>BRitter@americanhumanist.org
>
>Attorneys for Plaintiffs
>
>James Gilligan
>Brad P. Rosenberg
>Eric B. Beckenhauer
>United States Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Avenue, N.W.
>Washington, D.C. 20001
>Tel: (202) 514-3374
>Fax: (202) 616-8460
>James.Gilligan@usdoj.gov
>brad.rosenberg@usdoj.gov
>Eric.Beckenhauer@usdoj.gov
>
>Counsel for the Federal Defendants

                                                  /S/
                                           E. Desmond Hogan