# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
)
**MICHAEL NEWDOW, et al.,** )
)
       **Plaintiffs,** )
v. ) **Civil Action No. 08-2248 (RBW)**
)
**HON. JOHN ROBERTS, JR., et al.,** )
)
       **Defendants.** )
)
_____)

**OPPOSITION OF DEFENDANTS, REV. RICHARD D. WARREN
AND REV. JOSEPH E. LOWERY, TO PLAINTIFFS' RESPONSE TO
ORDER TO SHOW CAUSE**

Kevin T. Snider, Chief Counsel
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
9851 Horn Road, Suite 115
Sacramento, CA 95827
Tel. (916) 857-6900
Fax: (916) 857-6902
kevinsnider@pacificjustice.org

J. Stephen Simms
SIMMS SHOWERS LLP
20 South Charles Street, Suite 702
Baltimore, MD 21201
Tel. (410) 783-5795
Fax: (410) 510-1789
jssimms@simmsshowers.com

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**INTRODUCTION AND SCOPE OF OPPOSITION** . . . . . . . . . . . . . . . .1

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

    **I.**    **Issue Preclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

          **A.**  **Subsequent Change in the Law** . . . . . . . . . . . . . . . . . .3

          **B.**   **Issue Preclusion as to Prior Named Parties**. . . . . . . . . .4

    **II.**   **Standing** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

          **A.**  **Minor Plaintiffs ("UNNAMED CHILDRED")** . . . . . . .7

    **III.**  **Redressability** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

    **IV.**  **Mootness** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

*Allen v. McCurry*, 449 U.S. 90 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*American Iron and Steel Inst. V. EPA*, 886 F.2d 390 (D.C. Cir. 1989). . . . . 4

*Barnes-Wallace v. City of San Diego*, 551 F.3d 891 (9th Cir. 2008) . . . . . 3-4

*Cutler v. Hayes*, 818 F.2d 879 (D.C.Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . 2

*Lee v. Weisman*, 505 U.S. 577 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . .6-8

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). . . . . . . . . . . . . . . . . .5

*Marsh v. Chambers*, 463 U.S. 783 (1983) . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*Newdow v. Bush*, 89 Fed.Appx. 624 (9th Cir. Feb. 17, 2004) . . . . . . . . . *passim*

*Newdow v. Bush*, 391 F.Supp.2d 95 (D.D.C. 2005) . . . . . . . . . . . . . . . *passim*

*Newdow v. Eagan*, 309 F.Supp.2d 29 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . 6

*Salazar, Sec. of the Interior v. Buono*, --- S.Ct. --- 2009 WL 425076 . . . . . .4

*Santa Fe Independent School District v. Doe*, 530 U.S. 290 (2000) . . . . . . .6

*SBC Commissioners v. FCC*, 407 F.3d. 1223 (D.C. Cir. 2005). . . . . . . . . . 2

*Suhre v. Haywood County, N.C.*, 131 F.3d 1083 (4th Cir.1997). . . . . . . . . . 6

*Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Wallace v. Jeffree*, 472 U.S. 38 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Yamaha Corp. of America v. U.S.*, 961 F.2d 245 (C.A.D.C. 1992) . . . . . . . .3

COMES NOW Defendants, Rev. Richard D. Warren, D.Min., and Rev. Joseph E. Lowery, D.Min., in opposition to Plaintiffs' Response to the Order to Show Cause.

**INTRODUCTION AND SCOPE OF OPPOSITION**

The Reverends Warren and Lowery are the clergy who were chosen by President-elect Barack H. Obama to offer prayer at the presidential inauguration which took place on January 20, 2009. Dr. Warren gave the invocation and Dr. Lowery gave the benediction. Both have been named as defendants in the complaint brought by Dr. Michael Newdow (Newdow) and the other plaintiffs.

Defendants Warren and Lowery will confine this opposition to the issue of clergy led prayer at presidential inaugurations, described in the documents filed with the Court, rather than the causes of action relative to the oath of office.

**ARGUMENT**

**I.  Issue Preclusion**

The instant lawsuit represents the third action filed by Dr. Newdow challenging inaugural prayer. Newdow's first lawsuit was sparked by the 2001 inauguration of George W. Bush, when Newdow alleged that he was offended by clergy-led prayers. The suit was dismissed for lack of standing

by the federal court in his hometown of Sacramento, *Newdow v. Bush*, No. Civ. S-01-218 (E.D. Cal.). That dismissal was affirmed by the Ninth Circuit. Less that a year later Newdow chose a different venue – this Court – and filed suit on the same issue, just prior to the 2005 inauguration.

"Issue preclusion" is aimed at preventing relitigation of issues that have already been resolved. *SBC Commissioners v. FCC*, 407 F.3d. 1223, 1229 (D.C. Cir. 2005). That is precisely the case before this Court. The lead plaintiff, Dr. Newdow, has filed two prior cases in federal courts seeking equitable relief to prevent clergy led prayer at presidential inaugurations. Both of those cases ended in judgments against Newdow. *Newdow v. Bush*, 89 Fed.Appx. 624 (9th Cir. Feb. 17, 2004) (*Newdow I*) and *Newdow v. Bush*, 391 F.Supp.2d 95 (D.D.C. 2005) (*Newdow II*). Issue preclusion in *Newdow II* was based upon the Ninth Circuit's decision in *Newdow I*.

Further, issue preclusion applies to standing. As such, even if the earlier decisions in both *Newdow I* and *II* on standing were hypothetically incorrect, Newdow would be precluded from relitigating his standing. *Newdow II*, 100-101, citing *Cutler v. Hayes*, 818 F.2d 879, 888-889 (D.C.Cir. 1987). It is important to note that Newdow did not appeal

*Newdow II*. Hence the opinion of the District Court filed in September of 2005 is binding.[1]

### A. Subsequent Change in the Law

Newdow raises a novel argument against issue preclusion. Namely, that the law in the Ninth Circuit has "undergone an astonishing change" since *Newdow I*. Plaintiffs' Response to OSC #1, pp. 28. He cites to *Barnes-Wallace v. City of San Diego*, 551 F.3d 891 (9th Cir. 2008) in support of his position. As an initial, matter Newdow points to no change in this appellate circuit relative to the rules on standing. As such, the decision in *Newdow II* is still the law of the case.

As a defense, Newdow asserts that the Ninth Circuit's opinion in *Newdow I* provided little analysis, i.e., he complains of the "sparsely worded opinion" and the "vagaries of the Ninth Circuit's... opinion." Plaintiffs' Response to OSC, pp. 25 and 29. Indeed, the Ninth Circuit succinctly stated that Newdow "lacks standing to bring this action because he does not allege a sufficiently concrete and specific injury." *Newdow I*, at 625. But "[i]n issue preclusion, it is the prior *judgment* that matters, not the court's opinion explicating the judgment." *Yamaha Corp. of America v. U.S.*, 961 F.2d 245,

---

[1] Although standing is discussed in another section of this opposition, the Court need not look at standing afresh. It need only note that the issue was fully litigated in *Newdow I* and *II* and thus is subject to issue preclusion.

3

254 (C.A.D.C. 1992) (emphasis in original). Further, "[e]ven in the absence of *any* opinion a judgment bars relitigation of an issue necessary to the judgment." *Id*., citing *American Iron and Steel Inst. V. EPA*, 886 F.2d 390, 397 (D.C. Cir. 1989).

Moreover, to the extent that this Court relied on *Newdow I* in its decision in *Newdow II* is belied by the fact that the Honorable John D. Bates undertook a review of standing, separate and apart from that portion of his opinion on issue preclusion. Although Judge Bates draws from U.S. Supreme Court decisional law and several other circuits, he does not cite to one case from the Ninth Circuit in his analysis on standing.

Finally, the innovations in standing by the Ninth Circuit described by Newdow were not only found to be "astonishing" to the dissenting judge in *Barnes-Wallace*. Said innovations in standing by the Ninth Circuit are now under review by the U.S. Supreme Court. *Salazar, Sec. of the Interior v. Buono*, --- S.Ct. --- 2009 WL 425076 (certiorari granted Feb. 23, 2009).

### B. Issue Preclusion as to Prior Named Parties

Although it is conceded that many of the defendants are different, the lead plaintiff and the facts are essentially the same, i.e., litigation challenging clergy led prayer at the presidential inauguration. "Once a court has decided an issue of fact or law necessary to its judgment, that

4

decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first cause." *Allen v. McCurry*, 449 U.S. 90, 94 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Importantly, "[a] party precluded from relitigating an issue with an opposing party…is also precluded from doing so with another person unless the fact that he lacked full and fair opportunity to litigate the issue in the first action or other circumstances justify according him an opportunity to relitigate the issue." *Yamaha*, *Id*., 961 F.2d at 254, footnote 11 quoting Restatement (Second) of Judgments § 29 (1982). Hence, to the extent that either the plaintiffs or defendants in the case at bar are the same as those named in *Newdow I* and *II*, issue preclusion applies to those parties to the litigation.

## II. Standing

The elements of standing are well settled. First, a plaintiff must have suffered an "injury in fact" which is concrete and particularized and is actual and imminent. Second, there must be a causal connection between the injury and the conduct at issue. Finally, it is essential that the injury will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992).

In a well reasoned opinion, Judge Bates determined that Newdow lacked standing because there was no injury in fact. *Newdow II*, 391

F.Supp.2d at 102-104. The reasoning in *Newdow II* is still applicable to the present case at bar. To be exposed to the prayers offered by clergy at a presidential inauguration, one must either observe it via a broadcast (internet, television, or radio) or buy a ticket and personally attend the ceremony. In that presidential inaugurations occur only once every four years, neither Newdow or any other plaintiff would have a sufficient "personal connection" to the ceremonies to meet the requisite injury-in-fact threshold to confer standing. *Newdow v. Eagan*, 309 F.Supp.2d 29, 35 (D.D.C. 2004), citing *Suhre v. Haywood County, N.C.*, 131 F.3d 1083, 1087, 1090 (4th Cir.1997). This personal connection is essential because the courts, following *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 485-86, 102 S.Ct. 752 (1982), have determined that Article III standing is not satisfied by mere psychological injuries.

In contrast to the case before this Court, there was sufficient personal contact in other landmark cases involving prayer to confer standing. For example, in the educational setting (e.g., classrooms, school graduations, and athletic events) the relationship between the pupils and the frequency of the event are such that injury-in-fact was deemed present. See, *Lee v. Weisman*, 505 U.S. 577, 112 S.Ct. 2649 (1992); *Wallace v. Jeffree*, 472 U.S. 38, 105

S.Ct. 2479 (1985); *Santa Fe Independent School District v. Doe*, 530 U.S. 290, 120 S.Ct. 2266 (2000). But Newdow is not akin to a pupil enrolled in a public school attending school sponsored events that occur at least annually. In sum, Newdow is seeking a relaxed standard for standing that is inconsistent with the large cloud of judicial witnesses speaking to this issue. This Court should not entertain such an unorthodox approach to standing as proposed by the plaintiffs.

### A. Minor Plaintiffs ("UNNAMED CHILDRED")

A brief discussion of the plaintiffs who are minors (encaptioned as "UNNAMED CHILDREN") is appropriate. In sum, Newdow is arguing that in a claim for a violation of the Establishment Clause, minors can meet the pleading standards for Article III standing, where adults, under identical circumstances, cannot. The *Newdow II* court stated,

> Consideration of the coercive effect of a prayer pertains only to the special case of school children, not to mature, sophisticated adults like Newdow. *See Lee v. Weisman*, 505 U.S. 577, 592, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992) (noting the "heightened concerns" of "subtle coercive pressures" found in elementary and secondary public schools.

*Newdow II*, 391 F.Supp.2d at 101, footnote 3.

In a colloquy between the bench and Dr. Newdow at the January 16, 2009, hearing on the preliminary injunction, this issue was addressed as follows:

7

> MR. NEWDOW: Well, if you look in *Lee versus Weisman,* then the whole issue that the Court distinguished from *Marsh v. Chambers* is the fact that it was a child who was in this constrained setting in a formal atmosphere.
>
> THE COURT: This isn't a constrained setting. That's a schoolhouse.

Transcript at 7:6-11.

There are inherent differences between a public school setting, in which minors are the focus of the activity, and a government ceremony or other event where minors are not the center of attention.

*Lee v. Weisman* and *Marsh v. Chambers*, 463 U.S. 783, 103 S.Ct. 3330 (1983), is of course important as it relates to the merits. But a comparison of the two cases assists in determining whether the injury prong is met for purposes of Article III standing. In sum, there is no substantive legal difference between prayer that occurs at a legislative function versus prayer offered at an executive event, i.e., the presidential inauguration. Because of the nature of what is happening at an inauguration is analogous to prayer at a legislative session, the plaintiffs, even the children, cannot satisfy the injury requirements to constitute standing.

It is the clergy defendants' position that *Lee v. Weisman* is not controlling because it is fundamentally different than the case at bar. As this Court has observed, an inauguration ceremony is not a constrained setting as

is found in a school.  Transcript, *Id*.  In a school environment, activities center around students.  In the opening of a legislative session, the public, both adults and children, are invited to observe.  In an inaugural ceremony, or any other ceremony involving the executive branch, the public is free to watch the event.  Because there is no substantive legal difference, relative to prayer, between the legislative and executive branches, *Marsh v. Chambers* is controlling.  As such, the unnamed plaintiff children cannot demonstrate injury sufficient to confer standing.  Thus the complaint should be dismissed.

### III.    Redressability

The *Newdow II* court stated:  "The Court therefore concludes that only an injunction or declaratory judgment against the President would provide plaintiff with the relief he seeks." *Newdow II*, 391 F.Supp.2d at 105.  In reviewing the case law, Judge Bates found that the judiciary cannot enjoin the President.  *Id*., at 105.  If it is ultimately the President who determines whether or not there will be prayer at an inauguration and which members of the clergy will provide it, then the judiciary lacks the authority to provide equitable relief.  In that the President is not a named defendant, whether as an individual or the office, relief cannot be granted.  Hence, the complaint should be dismissed for lack of redressability.

## IV. Mootness

The issue of future inaugurations was squarely before the *Newdow II* court.

> Although the Inauguration has come and gone – with the inclusion of an invocation and benediction given by clergy – the Court's earlier ruling on the preliminary injunction did not dispose of the case because Newdow's complaint also sought a declaratory judgment and a permanent injunction against the inclusion of religious prayer at future Presidential Inaugurations….

*Newdow II*, 391 F.Supp.2d at 98.

The *Newdow II* court also dismissed the case because it was moot. *Id.*, at 107-108. Specifically, the Court determined that the case does not fall under the exception of "capable of repetition, yet evading review" doctrine. It was the opinion of Judge Bates that "the period between a President's election and inauguration is not too short to permit judicial review." *Id.*, 108. It should be noted that

Not only was the analysis by the *Newdow II* court respecting mootness correct, this issue is also precluded because it was directly before an earlier court.

## CONCLUSION

The issues of standing, mootness, and redressibility were all fully litigated in *Newdow I* and *II*. As such, this Court does not have the liberty

10

to entertain additional litigation on these issues and thus the case should be dismissed based upon issue preclusion. Furthermore, the addition of unnamed children as plaintiffs will not cure the fundamental flaw of a lack of injury in fact. The reason is that this case is analogous to prayer at a legislative session in that students are not the focus of the inauguration ceremony while in a constrained setting.

In view of the foregoing, Defendants Warren and Lowery request that the case be dismissed.

Respectfully submitted this 11th day of March, 2009.

    /S/ Kevin Snider_____
Kevin T. Snider, Chief Counsel
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
9851 Horn Road, Suite 115
Sacramento, CA 95827
Tel. (916) 857-6900
Fax: (916) 857-6902
kevinsnider@pacificjustice.org

    /S/ J. Stephen Simms_____
J. Stephen Simms
SIMMS SHOWERS LLP
20 South Charles Street, Suite 702
Baltimore, MD 21201
Tel. (410) 783-5795
Fax: (410) 510-1789
jssimms@simmsshowers.com

Counsel for Defendants Rev. Richard D. Warren, D.Min. and Rev. Joseph E. Lowrey, D.Min.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2009, I served on all parties to this action the foregoing Notice of Appearance by electronically filing this document through the Court's CM/ECF website.

      /s/ Kevin T. Snider
Kevin T. Snider, Chief Counsel
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
9851 Horn Road, Suite 115
Sacramento, CA 95827
Tel.  (916) 857-6900
Fax:  (916) 857-6902
kevinsnider@pacificjustice.org